## GORDON HARDWARE CO. v. SAN FRANCISCO & S. R. R. CO.*

### No. 12,030; October 4, 1889.

#### 22 Pac. 406.

**Mechanics' Liens.—A Claim of Lien, Filed by a Materialman,** giving the names of several persons to whom different portions of the material were furnished at different times, without any designation as to what portion was furnished to each severally, does not sufficiently comply with Code of Civil Procedure of California, section 1187, requiring the claim to state "the name of the person by whom he was employed, or to whom he furnished the materials."

**Mechanics' Liens.—A Description of the Materials Furnished** as "nails, spikes, iron, steel, picks, shovels, and other like material," is too indefinite and uncertain to sustain the lien.[1]

---

*For subsequent opinion in bank, see 86 Cal. 620, 25 Pac. 125.

[1] **Cited** and approved in Tsutakawa v. Kumamoto, 53 Wash. 236, 101 Pac. 871, where a lien for provisions, groceries and camp equivalent furnished a subcontractor on a railroad was disallowed.

Cited in Cincinnati R. & M. Ry. Co. v. Shera et al., 36 Ind. App. 320, 73 N. E. 295, as authority for denying a lien for coal consumed in the operation of a steam shovel.

Cited and approved in Cincinnati R. & M. Ry. Co. v. Shera et al., 36 Ind. App. 317, 73 N. E. 294, as holding that a too remote connection with the work of putting up or completing the structure excludes an article from consideration for lien purposes.

Cited in the note in Ann. Cas. 1912B, 228, on tools and appliances used for construction work as materials for which mechanics' liens may be had.

APPEAL from Superior Court, Marin County.

Hepburn Wilkins for appellant; Lloyd & Wood and F. S. Lippitt (O. P. Evans of counsel) for respondent.

FOX, J.—This is an action by materialmen to enforce a lien for material furnished to certain original contractors to be used under their contract "to construct the excavations, embankments, tunnels, box culverts, rubble walls, and such bridges as might be designated by the chief engineer of said railroad company on all that portion of the located line of railroad, then projected, of the San Francisco and San Rafael Railroad lying between the town of San Rafael and Point Tiburon in Marin county," with certain exceptions not necessary here to repeat. The case turns entirely upon the question of whether or not the court erred in sustaining defendant's objection to plaintiff's offer in evidence of "The Claim of Lien," which was filed in the county recorder's office of Marin county, on the eighteenth day of June, 1884, a copy of which is set forth in the record. When this claim of lien was offered in evidence the defendant objected thereto on several grounds, one of which was: "It does not appear to have been filed within thirty days after the completion of the work." This ground of objection seems to be good. The plaintiff does not claim to be other than a materialman, or a subcontractor for the furnishing of material, under an original contractor. He was, therefore, required by the statute, if he claimed a lien, to file the same within thirty days after the completion of the work. The claim was filed June 18, 1884. The evidence shows, and upon that point there does not seem to be any material conflict, that the last work done under the contract, or by the contractors, was on the 2d of June, 1884, and that for two weeks prior to that time they had not been working on the contract work, but had been engaged in removing debris which the contractor, without right, and in violation of instructions, had dumped on the land of a stranger, and for which he was liable in damages. The men were instructed to do this work on the seventeenth day of May, and the contract work was presumably finished at that time. Even if it was not, it appears clear from the evidence that it was finished, or that no more was done on it after the

men commenced to remove this debris, which was two weeks prior to the 2d of June, and in either event this was more than thirty days before the filing of this claim of lien. However, the margin was so close that we should be unwilling on this ground alone to disturb the finding of the court below, whichever way it had ruled. Other grounds of objection were that the claim of lien did not state the demand, or the terms of the contract, upon and for which the lien is claimed. The claim shows upon its face that the original contractor for the work was one McDonald. With him the plaintiff contracted for the delivery of the material, as required. McDonald entered upon the performance of his contract in October, 1882, and prosecuted the same until February 6, 1883, plaintiff furnishing material as required. On the last-named date McDonald assigned to one Hawley. Plaintiff then contracted with Hawley, as before. He died before the work was completed, and it was subsequently carried on and completed by the legal representative of the estate of Hawley, to whom, the claim shows, plaintiff continued to deliver material as required, until the completion of the work. The statute expressly provides that the claim filed shall contain a statement of the demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, and "also the name of the person by whom he was employed, or to whom he furnished the materials": Code Civ. Proc., sec. 1187. The lien can be maintained only by a substantial observance of the provisions of the statute: Wood v. Wrede, 46 Cal. 637; Hooper v. Flood, 54 Cal. 218; Goss v. Strelitz, 54 Cal. 640. The object of the statute is to advise the owner at whose instance the material was furnished. Where, as in this case, material was furnished at divers times, and at the request of, or under subcontract with, different persons, it is not a substantial compliance with the statute for a materialman to file a claim for the gross sum of the balance claimed for all material furnished for that work, without any designation of the amount claimed on account of material furnished at the request of either or any one of the several persons at whose request it was furnished. For all the purposes of the statute, he might as well omit giving the name of any person for whom, or at whose instance, he had furnished the material. Such an omission would be fatal: Phelps v. Mining Co., 49 Cal. 339.

We think it equally fatal to give the names of several persons to whom different portions of the material have been furnished at different times, without any designation as to what portion was furnished to each severally. As to the objection that the claim as filed does not state the terms of the contract upon or for which the lien is claimed, it is not necessary for us here to pass upon it. The claim does intelligibly state the terms of plaintiff's contracts with the several original contractors, but it gives no information as to the terms of their contracts, except in the single particular of what they undertook to do. The statute is not free from ambiguity as to which of the contracts is referred to in that part of it which requires a statement of the terms of the contract; but, looking to the purpose of the requirement, it would seem to be the subcontract, for of this the owner may not be otherwise advised, while he is presumed to know the terms of the contract between himself and the original contractor.

An objection was also taken on the ground that the description of the materials furnished was too indefinite and insufficient to sustain a lien. The only description of the materials was that they consisted of "nails, spikes, iron, steel, picks, shovels, and other like material." This is altogether too indefinite and uncertain to sustain a lien, and especially since it is conceded to be the law that a lien can only be maintained for the material which was actually used in the work contracted to be done. We understand that to mean, in a case like this, that which became by its use a part of the completed work. That, certainly, could not include tools of trade—"picks, shovels, and other like material." And it would not necessarily include any one of the items mentioned in the claim. As well might a house be held under a lien for a chest of carpenter's tools sold to the man who had contracted to build it as a railroad for picks and shovels used by a contractor in grading it, or for nails, spikes, iron, steel, and other like material used by him for the purpose of erecting temporary habitations and sheds for the occupancy of his men and animals while engaged in the work. These objections being fatal to the claim of lien, as offered, we need not consider other objections which were urged. Our conclusion is that the court did not err in sustaining the objection to the introduction of this claim of lien. The foreclosure of the

claim being the sole purpose of the action, there was no error in granting the nonsuit. Judgment and order affirmed.

We concur: Works, J.; Paterson, J.