[No. 12030. In Bank. — December 8, 1890.]

GORDON HARDWARE COMPANY, APPELLANT, v. SAN FRANCISCO AND SAN RAFAEL RAIL-ROAD COMPANY ET AL., RESPONDENTS.

MECHANIC'S LIEN — TIME OF FILING CLAIM — CONSTRUCTION OF RAILROAD — COMPLETION OF WORK — NONSUIT — EVIDENCE — CONCLUSIONS NOT OBJECTED TO. — Although work done in the construction of a railroad may not have been contemplated by the contract, if the obligations of the contractor to the company were not extinguished, and there is some testimony tending to show that the work was not actually completed until within thirty days of the filing of a claim of lien for materials furnished in the construction of the road, the fact that such evidence consists largely of conclusions not objected to will not justify a nonsuit upon the ground that the claim of lien was not filed in time.

ID. — MATERIALS FURNISHED — EXCESSIVE CLAIM — ARTICLES NOT SUBJECT TO LIEN — SEGREGATION. — The fact that a claim of lien was in part for articles not the subject of lien will not vitiate the claim, if it was not willfully false, and the court should permit the claimant, by proof, to make the necessary segregation, throw out the value of such articles, and declare a lien for the remainder.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The action was brought to enforce a lien for materials furnished to original contractors, under a contract to

construct a portion of defendants' railroad. Judgment was rendered for the defendants. The judgment was affirmed in Department One on the 4th of October, 1889. Upon a first hearing in Bank, the judgment was again affirmed, on the 3d of May, 1890. The evidence in this case is in the main the same as in *Harmon* v. *San Francisco and San Rafael R. R. Co., ante,* p. 617, but differs somewhat as respects the time of the completion of work. In *Harmon* v. *San Francisco and San Rafael R. R. Co., ante,* p. 617, the record showed without conflict that the work was completed June 2, 1884, while the record in this case contains the evidence referred to in the opinion of the court; and it was contended by defendants' counsel that the work under the contract was completed May 17, 1884, more than thirty days before the claim of lien was filed. Plaintiff's claim of lien described the materials furnished as consisting of "nails, spikes, iron, steel, picks, shovels, and other like material." Further facts are stated in the case of *Harmon* v. *San Francisco and San Rafael R. R. Co., ante,* p. 617, and in the opinion of the court in the present case.

*J. H. Boalt, Hepburn Wilkins,* and *H. A. Powell,* for Appellant.

*Lloyd & Wood, E. S. Lippitt, Charles F. Hanlon,* and *O. P. Evans,* for Respondents.

The COURT. — Upon further consideration of this case, we are satisfied that the conclusion we reached on the former hearing — viz., that the claim of lien was not filed within thirty days after the completion of the work — was based upon a misapprehension as to the evidence. The claim was filed June 18, 1884. While it is true the work done after May 17th was work not contemplated by the contract, it nevertheless appears that it was done under the direction of the chief engineer, and that the obligations of the contractor to the company were not

extinguished until the *débris* which he had placed upon Mr. Porter's lot was removed therefrom. The testimony of Mr. Walsh on this subject consists largely of conclusions; but it went in without objection. on that ground, and, as against a motion for nonsuit, must be considered as sufficient to establish appellant's contention that the work was not completed until June 2d. He testified as follows: "The work on the railroad under the contract was completed June 2, 1884. The last two weeks of the work were occupied in moving rock which had been dumped at the end of the tunnel in section No. 1, on Mr. Porter's ground, contrary to the terms of the contract. The rock was moved back to the right of way, to make it comply with the contract. I was instructed by Mr. Zook, chief engineer, to do this work, May 17, 1884. The last day we were at work was June 2, 1884."

We have carefully examined the record in the case of *Mahone* v. *Big Flat Mining Co.*, 76 Cal. 578, and think it sustains appellant's contention, that, although the claim of lien was in part for articles (picks and shovels) not the subject of lien, the court should permit the plaintiff, by proof, to make the necessary segregation, throw out the value of such articles, and declare a lien for the balance. In the case referred to, the claim of lien included an item of deer and bear meat, but the lien was held to be good to the amount of the lienable articles; and the rule seems to be, that unless there is something to show a willful attempt to claim a lien for the non-lienable articles, the lien is not lost. (*Whitford* v. *Newell*, 2 Allen, 427; Phillips on Mechanics' Liens, sec. 355.) Upon the same principle, it was held, in *Barber* v. *Reynolds*, 44 Cal. 533, that notwithstanding the fact that the claim filed was for too much, it would still be valid, unless it should appear it was *a willfully false claim*, within the meaning and intent of the statute.

It was not necessary for the plaintiff to designate what

portion of the materials was furnished to each of the contractors, as Hawley was the only person with whom the company had to settle, and the latter was liable only· for the balance of the contract price held by it at the time the notice of lien was filed. (*Harmon* v. *San Francisco etc. R. R. Co.*, ante, p. 617.)

Judgment and order reversed, and cause remanded for a new trial.