LYMAN P. THOMAS *vs.* COMMONWEALTH & others, HENRY J. GREEN, intervening petitioner.

Suffolk.    May 23, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Commonwealth. Lien,* Under R. L. c. 6, § 77. *Equity Jurisdiction,* To enforce liens under R. L. c. 6, § 77.

Liens against funds retained by the Commonwealth under a contract for the construction of a State highway cannot be established as for labor or materials "used in such construction" within the meaning of R. L. c. 6, § 77, upon claims for boards used for concrete forms and for conduits, upon claims for netting, cotton line, or for use of rules, road scraper or scales, for buggies used in transporting help, for money paid for freight, or for coal for the steam roller; nor can such a lien be established upon a claim for hauling stone from various stone walls in the vicinity of the highway to the crusher and for hauling cracked stone from the crusher to the road.

BILL IN EQUITY, filed in the Superior Court on March 3, 1905, to establish and enforce a claim under R. L. c. 6, § 77, upon certain funds retained by the Commonwealth under a contract for the construction of a State highway.

On February 19, 1909, Henry J. Green was permitted to file a similar claim as an intervening claimant.

The case was referred to Henry T. Richardson, Esquire, as master. The case was heard upon the master's report by *Hardy,* J., who made a memorandum of decision as follows:

"On the basis for settling a decree in this bill I make the following allowances, namely: Claims for stone actually used on the highway; claims for gravel used in the construction of the highway; claim for labor in feeding stone crusher; claim for labor levelling stone; claim for cement used in construction of highway; claim for drainpipe used in construction of highway.

"I disallow the following claims, namely: Claims for hauling stone to crusher and to portions of highway; claims for teaming,

purpose not in evidence; claims for boards used for concrete forms; claims for boards for conduit; claim for coal furnished for steam roller; claim for netting used in construction of highway; claim for cotton line; claim for rules; claim for road scraper; claim for buggies in transporting help; claim for use of scales; claim for freight paid."

A final decree based on these allowances and disallowances was made by the judge, from which the plaintiff Thomas and the intervening claimant Green appealed.

The case was submitted on briefs.

*J. H. Vahey & P. Mansfield,* for the plaintiff.

*J. W. Worthington,* for the defendant Pacific Surety Company.

*G. H. Wyman & F. L. Brier,* for the intervening petitioner.

HAMMOND, J.   This case is before us upon the respective appeals of the plaintiff Thomas and the intervening creditor Green from a final decree in which certain items in the account of Thomas and the whole account of Green were disallowed.

The particulars relating to the claims disallowed are set forth in the report of the master and need not be repeated.   It is clear upon the report that the items for boards used for concrete forms and for conduits, for netting, cotton line, rules, road scraper, buggies used in transporting help, use of scales, freight money paid, and for coal for the steam roller, were all properly disallowed, the last under the principle enunciated in *George H. Sampson Co.* v. *Commonwealth,* 202 Mass. 326, 337, 338, and the others upon the principle of *Kennedy* v. *Commonwealth,* 182 Mass. 480.

The claim of Green is entirely for teams used for "hauling stone from various stone walls in the vicinity of the highway to the crusher and for hauling cracked stone on to the road from the crusher."   We think that this claim cannot be logically distinguished from the claim for hauling lumber and sand in *Webster* v. *Real Estate Improvement Co.* 140 Mass. 526, and therefore it was properly disallowed.   And so of similar items in the account of Thomas.   There is nothing in *Friedman* v. *County of Hampden,* 204 Mass. 494, inconsistent with the result herein reached.   Of course the items for teaming for purposes not shown in evidence were properly disallowed.   Indeed we do not understand that either of the appellants contends to the contrary.

*Decree affirmed.*