[Civ. No. 1835.  Second Appellate District, Division One.—February 11, 1919.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Plaintiff, *v.* GEORGE W. KAUTZ et al., Defendants; A. L. DECHENE, Defendant and Respondent; R. H. McCRAY COMPANY (a Corporation), Defendant and Appellant.

MECHANIC'S LIEN—"WITHHOLD NOTICE"—"RENTAL OF APPLIANCES."—Section 1184 of the Code of Civil Procedure, providing for a "withhold notice" by any of the persons mentioned in the preceding sections, is limited in its terms to those who have "performed labor or furnished materials," and does not include a person who rented to a contractor a steam shovel to be used in the performance of public work, who, if the work had been on private property, would have had a lien under section 1183 of the same code.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. Ira Courtney for Defendant and Appellant.

Adams, Adams & Binford for Defendant and Respondent.

CONREY, P. J.—This is an action in interpleader. The appellant is the defendant R. H. McCray Company, and the respondent is A. L. Dechene. The city, by resolution approved November 6, 1914, employed the contracting firm of Kautz & Gabler to excavate earth and rock for the purpose of making a roadway in Elysian Park, a public park of the city. Appellant R. H. McCray Company rented to Kautz & Gabler a steam shovel, which was used by the latter on the roadway. There being due from the city to Kautz & Gabler the sum of $310.20 and there being due from Kautz & Gabler to the McCray Company the sum of two hundred dollars rental, the McCray Company served on the city a notice in writing that its rental for the use of the steam shovel had not been paid. This was attempted to be done pursuant to section 1184 of the Code of Civil Procedure, in order to establish an equitable lien on the fund. The city paid the money

into court and the question at issue was whether the money belonged to Dechene or to the McCray Company. Dechene claims as assignee of Kautz & Gabler.

The principal question here turns upon the construction to be given to sections 1183 and 1184 of the Code of Civil Procedure. Appellant's contention is that section 1184 is not limited to persons who furnish labor or materials for the work, but that, on the contrary, it includes one who furnished the contractor a steam shovel to be used in the performance of the work. If the contract had been for work to be done upon private property, and if appellant were endeavoring to enforce a lien upon that property for the amount due him for the use of the steam shovel, we do not doubt that his claim would come within the provisions of section 1183, as amended in 1913. It is there provided, among other things, that all persons furnishing appliances, teams, and power contributing to the construction or repair of a wagon road shall have a lien upon the property for the value of the use of such appliances, teams or power. Section 1184 of the Code of Civil Procedure provides that "any of the persons mentioned in the preceding sections, except the contractor, may at any time give to the owner a notice that they have *performed labor or furnished materials,* or both, to the contractor," stating certain specified facts concerning the claim. "Upon such notice being given it shall be lawful for the owner to withhold, and in case of property which, for reasons of public policy or otherwise, is not subject to the liens in this chapter provided for, the owner or person who contracted with the contractor, shall withhold from his contractor sufficient money due or that may become due to such contractor to answer such claim and any lien that may be filed therefor including the reasonable cost of any litigation thereunder." These provisions of section 1184 were originally enacted prior to the time when section 1183 was so amended as to include a lien for the value of the use of such appliances, teams, or power. Notwithstanding that other amendments have been made to section 1184, the legislature did not see fit to extend the terms thereof describing the instances in which by giving said notice an equitable lien may be imposed upon the money due or to become due to the contractor. In 1909 a section numbered 1183a was added to the Code of Civil Procedure, wherein it was provided that such persons so supplying power might give written notice of the

same character and effect as that which persons so furnishing materials are entitled to give, as provided in section 1184 of that code. Section 1183a was repealed in the year 1911. It is clear that the right here claimed by appellant cannot be sustained unless it exists under the terms of section 1184, to which we have referred. Those provisions, however, are in terms limited to those who have "performed labor or furnished materials" used in the work of construction and have not been extended so as to include a claim and notice of the kind here relied upon by appellant.

The judgment is affirmed.

James, J., and Shaw, J., concurred.