No. 25,408.

THE BUNTING HARDWARE COMPANY, *Appellant,* v. C. C. BAKER, doing business as THE BAKER CONSTRUCTION COMPANY et al., *Appellees.*

SYLLABUS BY THE COURT.

ACTION ON OPEN ACCOUNT—*Materials Furnished for Construction of Road— Rental for Steam Shovel—Trial—No Substantial Merit in Assigned Errors.* In an action to recover on open account for materials furnished in the construction of a road, and to recover rental for a steam shovel, various assignments of error considered and held to be without substantial merit.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed October 11, 1924. Affirmed.

*John Q. Wycoff,* of Garnett, *I. N. Watson, R. E. Watson, John B. Gage,* and *Henry N. Ess,* all of Kansas City, Mo., for the appellant.

*L. T. Cannon,* of Humboldt, *J. W. Mertz,* of Garnett, *F. M. Harris,* of Ottawa, and *J. W. Rogers,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on open account for materials furnished in the construction of a road in Anderson county, and to recover rental for a Thew steam shovel used in excavating for the road. A judgment for the plaintiff for a part only of the items claimed on the itemized account was unsatisfactory and plaintiff appeals.

In September, 1920, the board of commissioners of Anderson county entered into a contract with C. C. Baker for the construction of a section of road designated as the "King of Trails Highway." Baker was obligated to furnish all materials and labor necessary to do the work in accordance with certain plans and specifications. He executed a contractor's bond signed by the Southern Surety Company, as surety, under which he and his surety were obligated

to pay all indebtedness incurred for labor and material furnished in the construction of the road. Afterwards Baker entered into a sub-contract with one Buskirk, wherein Buskirk agreed to construct the road in accordance with the plans and specifications. Afterwards Buskirk entered into a contract with F. A. Poole, whereby Poole agreed, at his own cost and expense, to do and perform all work, furnish all material and labor necessary to do the work "in accordance with the plans and specifications," etc. Later, Buskirk and Poole entered into a supplemental contract whereby Poole agreed to furnish all material and labor necessary to crush rock for the road-base on the project. After the execution of the contracts, Poole purchased of the Bunting Hardware Company various items of material, amounting in the aggregate to $2,000. These materials were used in connection with the construction of the road. On April 19, 1921, Poole entered into a contract with the Bunting company for the renting of one Thew steam shovel at an agreed monthly rental of $750. This shovel was used on the road from May 19, 1921, to November 30, 1921. The Bunting Hardware Company sought to recover this rental for the period of six and one-half months, claiming a total due of $4,750. The shovel was used for excavating rock, loading crushed rock, and excavating and loading shale. Poole's rental agreement with the Bunting company contained an option to purchase.

Difficulties were encountered in the construction of the road, and a controversy arose between Baker and the Bunting company in reference to the rental for the steam shovel, and on July 16, 1921, Baker, accompanied by Poole and one Byerley, visited the office of the Bunting company in Kansas City, Mo. The matters in controversy were discussed between these parties and officers of the Bunting company, Baker and Byerley claiming that the matter of payment for rental of the machinery was settled, and that it was understood and agreed that the Bunting company should look entirely to Poole for payment of the rental. This was denied by the Bunting company. It was claimed by the defendants, also, that the Bunting company had sold the shovel to Poole. The records in the office of the register of deeds of Anderson county showed the filing of a conditional sale contract, dated August 26, 1921, between the Bunting company and Poole wherein Poole acknowledged the purchase of the shovel at and for the agreed price of $7,800, which agreement provided for a payment of $2,500 September 1. The

Bunting company claimed that this instrument was sent to the register of deeds by mistake, and that there was no actual sale of the shovel to Poole.  The defendants introduced a letter, received by Baker from the Bunting company, dated December 3, 1921, which reads:

"It looks as if Poole is absolutely blowed up, and I suppose we will have to take back the equipment we have sold him.  This includes the shovel, crusher, and some miscellaneous items on which we will have to stand our loss.  Over the phone, you spoke of using the shovel until you could get a larger one in.  Now Baker, we want to be fair, and I believe at this time of the year, it would be impossible to quote straight monthly rental, therefore will make a proposition of $30.00 per day for the actual days you use same.  However, I would want to specify a minimum of 10 days per month, except January and February which very likely will be bad weather.  In fact, we will also include December in this.  The understanding is that you load the shovel on board car after you are thru with same.  This will enable you to go right on as it is until you can make your arrangements and will not cost you anything for idle equipment.  However, you will have to send us a weekly report of the days the shovel is used, as this would be the only way we could check up and keep charge of the charges.  I advised Mr. Bishop to send you statement of the amount of Poole's open account, that is dynamite and miscellaneous items which are chargeable to the job under the bond, as you will ultimately have to pay these.  Trust that you will immediately write me on receipt of this letter if this is satisfactory and also advise what arrangements you want to make in regard to the dynamite and other miscellaneous charges, as we want to clean this deal up.  We don't think it would be necessary to file claims against the bond as you realize the best method of handling this.  Immediately upon your receiving the open account, kindly advise us if you want to pay same now or in what way you want to handle.  Francis was a very fine boy, but did not know how to drive a job thru, and is flat busted from the data we can get on him.  Therefore, we will just have to swallow our loss and I expect you will have to do the same on your part.  Be sure and advise us by return mail how you want to handle this, so that we can make all arrangements with Poole, as the shovel is in his name at present, and I will have to be sure that we can straighten everything up.  Trusting to hear from you in Tuesday's mail, we remain .

"Yours very truly,

"BUNTING HARDWARE COMPANY,

"By P. S. JUDY, *Sales Manager.*

"PSJ/HG   Pool quit the work about the 2nd or 3rd of December."

The court rendered judgment in favor of the plaintiff and against the defendants in the sum of $1,523.86.  No special findings appear to have been requested, or made.  It is evident that the court found that there were some items included in the open account which were not lienable and for which the defendants were not liable.  Also that

the plaintiff was not entitled to recover for the rental of the steam shovel. It is contended by the plaintiff that the introduction in evidence of the conditional sale contract and plaintiff's letter of December 3 to Baker raised an issue which had not been pleaded; that such evidence was incompetent under the pleadings. It appears, however, that when objection was made to the evidence, the defendants asked leave to amend their answers to conform to the proof. Whether the court considered the amendment as having been made, or whether the testimony was proper under the general denial, is of little consequence. The court, in the exercise of its sound discretion, could have allowed the amendment, and it may be considered as having been allowed.

The plaintiff contends that even if it sold the shovel to Poole, as stated in the conditional sale contract, it still was entitled to recover two months' rental for the use of the machine before the sale. This was a question of fact, which, on the disputed testimony, was settled by the trial court in favor of the defendants—a matter which this court cannot disturb.

The record presents no reversible error. The judgment is affirmed.