No. 25,969.

THE ROAD SUPPLY AND METAL COMPANY, *Appellant*, v. FRANK
BECHTELHEIMER (E. C. STEWART and H. T. RITCHIE, Copartners,
and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellees*).

### SYLLABUS BY THE COURT.

1. BUILDING AND CONSTRUCTION CONTRACTS—*Bonds for Faithful Performance—Discharge.* When a construction contract has been fully performed there can be no liability upon a bond given to secure its faithful performance.

2. MECHANIC'S LIENS—*Right to Lien—Nature of Claim.* The rent, or value of the use, of machinery, tools and equipment used in constructing public work, is neither labor nor material within the meaning of our statutes pertaining to mechanic's liens.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed November 7, 1925. Affirmed.

*C. A. Leinbach,* of Onaga, and *E. R. Sloan,* of Holton, for the appellant; *W. F. Challis,* of Wamego, *Ross McCormick* and *J. W. Blood,* both of Wichita, of counsel.

*J. A. Brubacher, W. D. Jochems, J. Wirth Sargent,* all of Wichita, and *A. L. Berger,* of Kansas City, for the appellees; *Fred B. Stanley, Vincent F. Hiebsch* and *J. B. Patterson,* all of Wichita, of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is an action against the principals and surety upon a bond given in connection with a contract for the construction of a hard-surface road, for the rental value, or value of the use, of tools and equipment furnished by plaintiff to a subcontractor. The subcontractor, Frank Bechtelheimer, was made a party defendant. Judgment was rendered against him by default, from which there has been no appeal. As between plaintiff and the contesting defendants the case was tried to the court, who made findings of fact and conclusions of law and rendered judgment for defendant. The plaintiff has appealed. There was a second cause of action for iron reinforcing which was used in the cement work, and upon this judgment was rendered for plaintiff, from which judgment no appeal has been taken, hence we need give this no further consideration. The findings of fact made by the trial court tell the story of the controversy as follows:

1. Building and Construction Contracts, 9 C. J. § 195.   2. Mechanic's Liens, 27 Cyc. p. 46.

Road Supply and Metal Co. v. Bechtelheimer.

"That on the 8th day of August, 1921, Stewart & Ritchie entered into a written contract with the board of county commissioners of Sedgwick county, Kansas, whereby Stewart & Ritchie were to grade, improve and construct five and six-tenths miles of roadway running west from the city limits of Wichita to the northwest corner of section thirty. The plans, drawings and specifications for the proposed work are named and numbered as follows: 'State of Kansas, Sedgwick county. Federal aid project No. 54, section A. Federal district 5.' That by this agreement Stewart and Ritchie agreed to furnish and provide all necessary machinery, implements, tools and labor (except such material and implements as would be furnished by the county), and to do and perform all work necessary to complete the improvement of the aforementioned highway in accordance with the plans and specifications for said improvements, the plans and specifications being part of the contract.

"That on the 5th day of August, 1921, Stewart & Ritchie, as principal, and the United States Fidelity and Guaranty Company, as surety, executed and filed with the county clerk, of Sedgwick county, Kansas, a bond, which bond was approved by the board of county commissioners of Sedgwick county, Kansas, at the time of the filing thereof; that said bond provided, among other things, that said Stewart & Ritchie should pay all indebtedness incurred for labor or material furnished in the construction of said highway.

"That on the 20th day of September, 1921, the defendants, E. C. Stewart and H. T. Ritchie, entered into a written contract with the defendant, Frank Bechtelheimer, wherein among other things, said Frank Bechtelheimer contracted and agreed to do and perform all of the excavating and grading, and build and construct all the concrete culverts and bridges required on said section A of federal aid project No. 54, according to the plans and specifications therefor and receive a specific price therefor.

"That on the 23d day of September, 1921, the plaintiff entered into a written contract with the defendant, Frank Bechtelheimer, whereby the plaintiff agreed among other things to furnish road building and grading machinery, tools, implements and equipment to the defendant, Frank Bechtelheimer, to be used in the construction of said roadway known as federal aid project 54, section A, as hereinbefore found and to pay for the use thereof ten cents for each cubic yard of earth moved in the construction of said road and $4 for each cubic yard of concrete mixed in the construction of said road, and that in pursuance of said agreement such machinery, tools and equipment were furnished and used in and upon said federal aid project 54, section A.

"24,058 cubic yards of dirt was moved by the machinery referred to in finding number four, and 285.21 cubic yards of concrete was mixed, all in and upon section A of said federal aid project No. 54, and that the plaintiff has not been paid therefor in accordance with the terms of said contract."

The bond mentioned in the court's findings was made to run to the board of county commissioners of Sedgwick county, was for the full amount of the contract, and was conditioned for the faithful performance of the contract, as required by R. S. 68-521. It was also conditioned that the contractor "shall pay all indebtedness incurred

for labor and material furnished" in the construction of the work, as required by R. S. 60-1413. Defendants make no point that this bond, so far as the condition last mentioned, does not run to the state of Kansas, as required by the statute. Perhaps such a contention would not be good. We shall therefore, for the purpose of this case, consider the bond sued upon as in compliance with each of the statutes as though separate bonds had been given.

Plaintiff first argues that he should recover upon the faithful performance condition of the bond. The faithful performance condition of the bond is primarily for the benefit of the board of county commissioners and is intended to indemnify them for expense necessarily incurred by them in completing the work contracted for in the event the contractors quit the work before it was completed, thereby failing fully to perform the work which they contracted to do—such a situation as arose in *Kanzius v. Jenkins,* 98 Kan. 94, 157 Pac. 417. No such situation as that arose in this case. It is conceded the contract was fully performed, hence there can be no liability upon that condition of the bond. Counsel for plaintiff rely upon *Shannon v. Abrams,* 98 Kan. 26, 157 Pac. 449. There the contractors agreed to build a road and to pay "for all labor and material and all other obligations or liabilities incurred in the doing of the said work or performance of any of the things necessary hereunder." It was there held that the faithful performance provision of the bond required the contractor, and in the event of his failure, the surety, to pay for the rent of tools used in a stone quarry, also for the rent of the quarry and for dynamite, lumber, and for coal used in the engine which operated the rock crushers. The contractors in this case agreed "to furnish and provide" all necessary tools and machinery to perform the work. Plaintiff argues that this provision required the contractors to pay for such machinery and equipment, or to pay for the use thereof, just as definitely as the contractor in the Shannon case agreed to pay not only for labor and material, but "all other obligations or liabilities incurred in the doing of the work." With this contention we cannot agree. The contractor in this case agreed to furnish and provide the machinery, tools and equipment. It is of no importance whether the contractor already owned this equipment and had it on hand, or bought it new, or borrowed or hired it from another contractor or from the plaintiff; if he did furnish and provide the necessary machinery, tools and equipment, he complied with his contract in that regard, for that was all he had contracted to do. In *Shannon v. Abrams,* supra, the contractor did not fully perform his contract until he paid, not only for material and labor, but for

Road Supply and Metal Co. v. Bechtelheimer.

"all other obligations or liabilities incurred"; here the contractor fully performed his contract when he furnished and provided the necessary equipment and completed the work.

Plaintiff argues that it should recover under the conditions of the bond that the contractor "shall pay all indebtedness incurred for labor and material furnished" in the performance of the contract. This condition of the bond required by R. S. 60-1413 is for the benefit of laborers and materialmen, and is in lieu of their right to liens upon public property under the statute pertaining to mechanic's liens (*Comm'rs of Jewell Co. v. Manufacturing Co.*, 52 Kan. 253, 34 Pac. 741; *Griffith v. Stucker*, 91 Kan. 47, 136 Pac. 937); hence, in determining what items are lienable, we look to those statutes (R. S. 60-1401 *et seq.*). Plaintiff contends that its machines and implements performed work, hence that its claim for use of the machines should be regarded as labor. The term "labor" as used in the mechanic's lien statute refers to physical labor (*Traction Co. v. Brick Co.*, 112 Kan. 774, 776, 213 Pac. 169), or the specific kind of labor mentioned in the statute. The rental or use of tools and machinery such as is sought to be recovered in this action is not labor of the character mentioned or referred to in the statutes. The right to a mechanic's lien is purely statutory. A party does not have such a lien unless the statute gives it to him, hence, in order to be entitled to a lien, the party claiming it must show himself to be within the terms of the statute.

Plaintiff next argues that the use of the machinery and equipment for which recovery is sought in this case is material within the meaning of our mechanic's lien statute. Material, within the meaning of our statute, is that which enters into, becomes a part of, and remains with the completed work. (*Sash & Sales Co. v. Early et al.*, 117 Kan. 425, 232 Pac. 232, and cases there cited.) And see *Hardware Co. v. Baker et al.*, 116 Kan. 683, 229 Pac. 72, where a claim for rent upon a steam shovel used in road construction work was not allowed as a lienable item. Cases are cited from the federal court involving contracts under federal statutes and from Oregon and Washington involving the statutes of those states, where it is held that the rental value of the use of machinery and equipment should be regarded as material entering into the completed work. But these decisions are under statutes which differ materially from our own, and which specifically state that the use of machinery shall be regarded as material, or are fairly open to that interpretation, and for that reason are not controlling.

The judgment of the court below will be affirmed.