382 P.2d 983

**LEMBKE CONSTRUCTION CO., Inc.,**
a corporation, Plaintiff-Appellee,

v.

**J. D. COGGINS COMPANY, a corporation,**
Defendant-Appellant.

No. 6976.

Supreme Court of New Mexico.

June 17, 1963.

Sutin & Jones, Albuquerque, for appellant.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellee.

GARNETT R. BURKS, District Judge.

The appellee entered into a contract with Dickmann-Pickens-Bond Construction Co., to do certain excavation and like work, and to furnish therefor all labor, materials, equipment, etc., in the construction of a shopping center known as Winrock Shopping Center, in Albuquerque, New Mexico. The excavation work and all obligations contained in the contract for the same were subcontracted by appellee to one Harlan Harris, who leased certain earth-moving equipment for use in the project from the appellant. Upon the failure by the said Harlan Harris to pay the rental on such equipment to appellant it filed a claim of lien against Winrock Enterprises, Inc., the owner of the shopping center, in the amount of $15,820.07.

Appellees disclaimed any liability under the lien and filed an action in the lower court seeking a declaratory judgment to determine whether the rental of said equipment was an item upon which a claim of lien might be based under the so-called Mechanics' and Materialmen's lien statutes of New Mexico.

By stipulation, the matter was submitted to the district court on the sole question of whether the appellant was entitled to a lien for such rental and said court rendered judgment in favor of the appellee, from which judgment appellant has appealed to this court.

Thus the sole question to be decided on appeal by this court is whether rent, as such, for equipment used in doing the work is a lienable item under the Mechanics' and Materialmen's statutes of New Mexico. We are not confronted with the situation in which the lien claimant seeks to establish a lien for the reasonable value of materials furnished which are the product of manual labor and that done by the use of machinery upon materials used in the project, or for the value of labor done manually and by the use of machinery.

Mechanics' and materialmen's liens were unknown at common law and originally were not allowed in equity. They were, however, generally recognized in the civil law, and today they are entirely dependent on statutes.

The particular statute involved in this appeal is § 61–2–2, N.M.S.A.1953, the pertinent provisions of which are:

"Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, flume, tunnel, fence, machinery, railroad, wagon road or aque-

duct to create hydraulic power, or any other structure, * * * has a lien upon the same for the work or labor done or materials furnished * * *."

The question here presented is one of first impression in this jurisdiction. It would be virtually impossible, and would certainly be impracticable, to cite in this opinion all of the cases of other jurisdictions which have a bearing on the question. We will, therefore, refer only to those cases from some of the other jurisdictions we consider to be the keystone cases on the proposition. In order that the rationale of these cases may be better understood we feel that we should quote from some of them at greater length than is our custom.

Our statute was adopted from California in 1880, and is worded exactly as the California act was worded at the time of its enactment in 1872 and as amended in 1873–74. The particular section of the California act from which we took our statute was 1183. We have not amended our statute since it was enacted, whereas the California act has been amended many times, the first amendment being as early as the Code Amendment of 1873–74. The particular section of the California statute with which we are concerned, however, was not greatly changed until 1911. Ackerson v. Albuquerque, 38 N.M. 191, 29 P.2d 714; Allison v. Schuler, 38 N.M. 506, 36 P.2d 519; Tabet v. Davenport, 57 N.M. 540, 260 P.2d 722; Chavez v. Sedillo, 59 N.M. 357, 284 P.2d 1026. This court has consistently followed the pertinent decisions of the California courts in cases in which our mechanics' and materialmen's lien statutes have been involved. In Allison v. Schuler, supra, we said that we regarded the pronouncements of the California courts as highly persuasive, to say the least, in construing the New Mexico law, and in Tabet v. Davenport, supra, and again in Chavez v. Sedillo, supra, we declared we would follow the California decisions in construing our lien statute. We see no reason to depart from this announced policy here.

The general rule with reference to machinery or equipment used in performing the work is stated in 57 C.J.S. Mechanics' Liens § 44, as follows:

"Ordinarily, unless expressly so provided by statute, no lien may be acquired for the value or use of tools, machinery, equipment, or appliances furnished or lent for the purposes of facilitating the work, where they·remain the property of the contractor and are not consumed in their use, but remain capable of.use in other construction or improvement work. * * *

"Generally a lien may be acquired for materials which, although not incorporated in the building or improvement, are used in the construction and, by their use, are actually or practically

consumed, wasted, destroyed, or rendered worthless or unfit for further use. * * * "

■ Counsel for the appellant urge that the mechanics' and materialmen's lien statutes are to be liberally construed. We have no quarrel with counsel's statement and agree that it is a correct abstract statement of the law. In Chavez v. Sedillo, supra, we quoted with approval the following from Dysart v. Youngblood, 44 N.M. 351, 102 P.2d 664:

" 'We are committed to the doctrine that the mechanics' lien law, though in derogation of the common law, is remedial in its nature, and is to have a liberal construction.' * * * "

It is true that this court held the mechanics' and materialmen's statutes were to be strictly construed in Finane v. Las Vegas Hotel & Improvement Company, 3 N.M. (Gild.) 411, 5 P. 725, but that holding was specifically overruled in Ford v. Springer Land Association, 8 N.M. 37, 41 P. 541, and the rule stated in the latter case is essentially the rule we follow today.

■ The courts do not, nor should they, apply the rule of liberal construction of mechanics' and materialmen's lien statutes to create a lien where none exists or was intended by the legislature.

In discussing the Oregon mechanics' lien statute, the supreme court of that state said:

" * * * the right to a lien is purely statutory, and a claimant to such a lien must in the first instance bring himself clearly within the terms of the statute. The statute is strictly construed as to persons entitled to its benefits and as to the procedure necessary to perfect the lien; but when the claimant's right has been clearly established, the law will be liberally interpreted toward accomplishing the purposes of its enactment."

Timber Structures v. C. W. S. Grinding & Machine Works, 191 Or. 231, 229 P.2d 623, 25 A.L.R.2d 1358. Also see McAuliffe v. Jorgenson, 107 Wis. 132, 82 N.W. 706. In Ackerson v. Albuquerque, supra, this court said:

"Nevertheless, the lien is of statutory, not equitable, origin. It depends wholly upon the existence of certain conditions and the performance by the claimant of a prescribed act. The absence of the conditions or the nonperformance of the act leaves equity powerless. The court's function is not to create a lien. It can only declare and enforce an existing lien."

A review of some of the California cases ante-dating the 1911 amendment of the California act is helpful.

Gordon Hardware Co. v. San Francisco & S. R. R. Co., 3 Cal.Unrep. 140, 22 P. 406, decided by the California court in 1889, was

a case in which the claim of lien included picks, shovels and other tools used in the work done. In denying the claim as to such items, the court said:

"The only description of the materials was that they consisted of 'nails, spikes, iron, steel, picks, shovels, and other like material.' This is altogether too indefinite and uncertain to sustain a lien, and especially since it is conceded to be the law that a lien can only be maintained for the material which was actually used in the work contracted to be done. We understand that to mean, in a case like this, that which became by its use a part of the completed work. That, certainly, could not include tools of trade,—'picks, shovels, and other like material.' * * * As well might a house be held under a lien for a chest of carpenter's tools sold to the man who had contracted to build it as a railroad for picks and shovels used by a contractor in grading it, or for nails, spikes, iron, steel, and other like material used by him for the purpose of erecting temporary habitations and sheds for the occupancy of his men and animals while engaged in the work."

The conclusion reached in this case and in another case between the same parties, 3 Cal.Unrep. 144, 22 P. 406; O'Hanlon v. Denvir, 81 Cal. 60, 22 P. 407, was reconsidered by the court in 86 Cal. 620, 25 P. 125 (1890), and was reversed on other grounds. The conclusion reached on the allowance of the lien for "picks, shovels, and other like materials" was affirmed, however.

In 1903 the California court denied a claim of lien for the rental of horses rented to the owner of a threshing machine and used by such owner in the work. Clark v. Brown, 141 Cal. 93, 74 P. 548. A like conclusion was reached by the same court in 1908 in the case of Wood, Curtis & Co. v. El Dorado Lumber Co., 153 Cal. 230, 94 P. 877, 16 L.R.A.,N.S., 585. In Kritzer v. Tracy Engineering Co., 16 Cal.App. 287, 116 P. 700, decided in 1911, a lien was allowed for travelling expenses incurred in doing work on mining property. In this case, however, the contract was for a gross amount and included such expenses. A demurrer interposed to the complaint was overruled by consent. No claim of lien for travelling expenses as such was made, but the lien was filed for the full amount of the contract. In deciding this case the court said:

"A different case would be presented if those who furnished the transportation were claiming, or seeking to enforce, a lien therefor."

It is to be noted that all of these early California decisions involve the California statute as it existed prior to the 1911 amendment, and that the California law was at that time as ours is today in this particular

respect. For comparison of California decisions subsequent to the 1911 amendment and further discussion of the California statute, see City of Los Angeles v. Kautz, 39 Cal.App. 702, 179 P. 716; Ryan v. Shannahan, 209 Cal. 98, 285 P. 1045 (superseding opinion in Cal.App., 283 P. 341). The courts of other states having statutes similar to ours and that of California prior to amendment have reached much the same conclusions as were reached in the early California cases.

In Hall v. Cowen, 51 Wash. 295, 98 P. 670, in construing the Washington statute providing for a lien for labor performed or materials furnished, the court said:

"It seems to us too plain to admit of extended argument or discussion that a claim for the rental of scrapers is neither for labor performed or materials furnished within the purview of this section."

Bunting Hardware Co. v. Baker, 116 Kan. 683, 229 P. 72, in which a claim of lien for rent of a steam shovel used in construction work was disallowed as a lienable item, was cited in Standard Oil Co. v. Federal Surety Co. (8th Cir., 1928), 28 F.2d 489. The Kansas statute, Rev.Stats.1923, § 60–1401, provided for a lien of one who should "* * * perform labor or furnish material for the erection, alteration, moving or repair of any building, improvement or structure thereon. * * *" In determining liability on a subcontractor's bond in the latter case, it was necessary to construe the statute and the court held that material is that which becomes a part of and remains with the completed work, and denied a claim of lien for gasoline and oil furnished a road contractor for the operation of his trucks and other machinery used in constructing the road, and for kerosene used in lamps and for cooking. The Kansas court also held under a statute similar to ours that rent or value of the use of machinery cannot be made the basis of a mechanic's lien in Wilkinson v. Pacific Mid-West Oil Co., 152 Kan. 712, 107 P.2d 726, and in Road Supply & Metal Co. v. Bechtelheimer, 119 Kan. 560, 240 P. 846.

Southern Surety Co. v. Metropolitan Sewerage Commission, 187 Wis. 206, 201 N.W. 980, 204 N.W. 476, involved the construction of a statute worded similarly to ours in connection with items of labor and material for which a public contractor could charge, and the Wisconsin court held that fuel for boilers, gasoline and oil for trucks, purchase price of cars and picks, rental of hoists, and concrete mixer, etc. were not allowable as material. See also Wisconsin cases cited in the opinion, and Carnegie Fuel Co. v. Interstate Transfer Ry. Co., 165 Wis. 46, 160 N.W. 1046, L.R.A.1917C, 580; Thomas v. Commonwealth, 215 Mass. 369, 102 N.E. 428; Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442; Sundberg v. Boeing Airplane Co., 52 Wash.

2d 734, 328 P.2d 692; Willett v. Davis, 30 Wash.2d 622, 193 P.2d 321; Union Traction Co. v. Kansas Casualty & Surety Co., 112 Kan. 774, 213 P. 169, 30 A.L.R. 464; Maryland Casualty Co. v. Board of Water Com'rs (2d Cir., 1933), 66 F.2d 730; Troy Public Works Co. v. City of Yonkers, 207 N.Y. 81, 100 N.E. 700, 44 L.R.A.,N.S., 311; McKinnon v. Red River Lumber Co., 119 Minn. 479, 138 N.W. 781, 42 L.R.A.,N.S., 872; Ellis-Mylroie Lumber Co. v. St. Luke's Hospital, 119 Wash. 142, 205 P. 398; Muller v. Wohlust, 203 Wis. 203, 233 N.W. 88.

Section 3314, Rev.Stat.1898 of Wisconsin, provided in substance that every person who, as principal contractor, performs any work or labor or furnishes any material in digging or constructing a well shall have a lien upon the interest of the owner in the land upon which the same is situated. Section 3315 extended the lien to a sub-contractor upon certain conditions. In holding that a well-boring machine hired from the plaintiff was not a lienable item, the court said in McAuliffe v. Jorgenson, supra:

"Plaintiff's right to a lien is based upon the fact that he hired his well-boring machine to Jorgenson, who had the contract to bore the well. Laws giving liens to mechanics are equitable in their character, and are to be liberally construed to advance their objects; yet they are purely statutory and cannot be extended by construction to cases not fairly and reasonably within their purview. It will be observed that the statute speaks of 'work and labor' performed or 'materials' furnished. Under no permissible theory can it be said the plaintiff has furnished any 'materials' that entered into or became a component part of the well. Whatever right he has, if any, arises from the use of his machine. When he hired it to Jorgenson, to all intents and purposes it became the latter's machine, the same as if he had purchased it outright. The plaintiff did no manual labor, either by himself or his servants, towards the construction of the well. The machine was used by Jorgenson as though it was his own. For its use in connection with his own labors he would have been entitled to a lien; not for the use of the machine alone, but because with his labors in the use and operation of the machine the well was drilled. * * * The machine thus used is 'the plant of the contractor,' and can in no sense be said to be materials furnished or used in the drilling of the well. * * * To permit this lien to stand and be enforced would be stretching the lien law beyond any reasonable limit."

In support of its position appellant has cited numerous cases involving the application and construction of the so-called

Miller Act (§ 270b, Title 40, U.S.C.A. or F.C.A.) and also cases in which suit was brought on payment bonds provided for by statutes similar to the Miller Act. The obvious purpose of the Miller Act and similar statutes of some states is to afford a remedy in cases of public works where the ordinary remedies are not available. The pertinent provisions of the Miller Act are:

"Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this Act and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond * * *."

The Act is not a lien statute, but merely provides a remedy for recovery of monies due for the doing of work or furnishing of materials provided for in the contract mentioned in § (a) of the Act. The right of the claimant must relate to the provisions of the construction contract under the Miller Act and similar state statutes. With reference to mechanics' and materialmen's statutes, however, the rule is that the right relates to the benefit inuring to the property and arises from the equitable principle of unjust enrichment. This rule is so universally accepted that the citing of authorities would be superfluous. See, however, 57 C.J.S. Mechanics' Liens § 3, and 36 Am. Jur., Mechanic's Liens, § 4. In the vast majority of the cases involving the Miller Act and similar state statutes in which rental for equipment was allowed, the award was based on the provisions of the contract for the bond rather than on the almost universally accepted lien theory. In this connection, see particularly United States, for Use and Benefit of P. A. Bourquin & Co. v. Chester Const. Co. (2d Cir., 1939), 104 F.2d 648; and Continental Casualty Co. v. Clarence L. Boyd Co. (10th Cir., 1944), 140 F.2d 115. In the latter case, rental of equipment, as well as parts, equipment, current repairs, etc. were allowed as being within the coverage of the payment bond. The court also found certain equipment necessary in the prosecution of the work provided for in the contract had to be repaired and parts of it replaced, the claim for all of which was allowed, not on the lien theory, but as coming within the provisions of the contract. We agree with the court's statement in Bank of Earlsboro v. J. E. Crosbie, Inc., 182 Okl. 327, 77 P.2d 547. In comparing statutes similar to the Miller Act with mechanics' and materialmen's lien statutes, the court said:

"* * * yet this court is committed to the rule that 'the statutes have dif-

ferent objects, and cases involving mechanics' and materialmen's liens do not afford an unfailing criterion' in public work cases."

See also Ryan v. Shannahan, supra; American Nat. Bank of Hutchinson v. Central Const. Co., 160 Kan. 400, 163 P.2d 369; Gurley Lord Tire Co. v. Newgard, 10 Cal. App.2d 38, 50 P.2d 1043; Bekins Moving & Storage Co. v. Maryland Cas. Co., 72 Idaho 493, 244 P.2d 1100.

█ Appellant relies strongly upon R. L. Harris, Inc. v. Cincinnati, New Orleans & Texas P. Ry. Co., 198 Tenn. 339, 280 S.W. 2d 800; Timber Structures, Inc. v. C. W. S. Grinding & Machine Works, 191 Or. 231, 229 P.2d 623, 25 A.L.R.2d 1358; and Mann v. Schnarr, 228 Ind. 654, 95 N.E.2d 138, in support of its argument that the lessor of equipment used in construction has a lien for the rental value of the equipment. The Indiana and Oregon decisions relied upon are clearly distinguishable upon their facts and a difference in the language of the statute granting the lien. We decline to follow the Tennessee case holding that the lease of the machinery was the thing involved; that it was consumed in the construction and was within the meaning of the word "material." We feel that a proper construction of a statute similar to our own was expressed in Hall v. Cowen, 51 Wash. 295, 98 P. 670, where it was said:

"It seems to us too plain to admit of extended argument or discussion that a claim for the rental of scrapers is neither for labor performed or materials furnished within the purview of this section."

The appellant urges that if the rental for the equipment is not a lienable item as labor it is such as material furnished and used up in the construction of the project. With this we cannot agree. Here the same reasoning applies to both theories, as the court found it did in Hall v. Cowen, supra.

While we may feel that in view of our changed methods and conditions in construction work generally, and the increased and ever-increasing use of machinery to replace manual labor, the rental of such machinery might well be the basis of a claim of lien, we do not find such to be the law as it exists in New Mexico today; nor do we believe we should enlarge the scope of our present lien law by judicial construction, but that the wisdom and necessity of so doing should be determined by and left to the legislature.

The judgment of the lower court is affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.