[S. F. No. 2804. In Bank.—January 30, 1902.]

## MARIE ZANE, Respondent, v. LILLIE H. DE ONATIVIA et al., Appellants.

APPEAL—UNDERTAKINGS—DISMISSAL.—Where an appeal is taken by more than one party, and an undertaking thereon is given by only one of the appellants, such undertaking is sufficient to perfect the appeal of the appellant by whom it is given; but where an appeal is taken by only one party, and the undertaking thereon purports on its face to be given on an appeal taken by several appellants, such undertaking is insufficient to support the appeal, and it will be dismissed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, for Appellants.

Alexander D. Keyes, for Respondent.

HENSHAW, J.—Plaintiff and respondent moved to dismiss the appeals of defendants and appellants from the judgment and from the order denying a new trial, upon the ground of the insufficiency of the undertakings given to support such appeals. In the trial court judgment passed for plaintiff and against the defendant Lillie for the sum of $3,689.53, with interest at seven per cent from the twenty-second day of December, 1900. Both defendants appealed from this judgment and gave notice of their appeal. The undertaking given recited

as follows: ''Whereas, the defendant in the above entitled action has appealed to the supreme court of the state of California from a judgment made and entered against the defendant Lillie H. de Onatívia, . . . now, therefore, in consideration of the premises and of such appeal, we, the undersigned, . . . do undertake and promise on the part of the appellant that the said appellant will pay all damages and costs which may be awarded against her,'' etc.

The defendant Lillie alone gave notice of appeal from the order denying her motion for a new trial, and the undertaking upon that appeal was as follows: ''Whereas, the defendants in the above-entitled action have appealed to the supreme court of the state of California from the order denying defendant's motion for a new trial, . . . now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, do hereby jointly and severally undertake and promise on the part of the appellants that said appellants will pay all costs and damages which may be awarded against the defendants on said appeal, or on a dismissal thereof,'' etc.

In the appeal from the judgment it will be observed that, notwithstanding notice of the appeal was given jointly by the two defendants, the undertaking is security for the appeal of the defendant Lillie alone. The appeal of defendant T. L. de Onativia, being unsupported by any undertaking, · must be, and is hereby, dismissed. But the undertaking in question is sufficient to support the appeal of Lillie. It does not follow that because losing parties shall jointly give notice of their intention to appeal, and thereafter one or more shall decline to proceed further, that the appeal of the other party or parties desirous of prosecuting the matter to a hearing must for this reason be lost. If defendant T. L. de Onativia declined further to prosecute his appeal, it is permissible for the co-defendant Lillie, under the joint notice, to proceed with her appeal, and the undertaking given is in all respects sufficient for this purpose. The motion to dismiss the appeal of the defendant Lillie from the judgment is therefore denied.

The appeal from the order denying a new trial presents a more complicated question. In this case only the defendant Lillie gave notice of appeal, the undertaking in terms is security for the appeal of the defendants. The sureties undertake upon the part of the appellants (where there is but one

appellant) that the appellants will pay all costs and damages which may be awarded against the defendants on said appeal, when costs and damages could only be awarded against the one appealing defendant. Standing upon the strict letter of their contract, the sureties could never be liable for anything upon this undertaking. There never was a joint appeal, and, consequently, there never could be an award of damage or cost against the defendants. Moreover, the sureties have agreed to stand responsible only for such damages and costs as might be awarded against the two defendants. It is conceivable that they might have refused to go upon the undertaking had they known that but one defendant had appealed. It is conceivable that they might have regarded the other defendant, who they thought had appealed, but who in fact had not appealed, as the one financially responsible in the event that the appeal should be lost or dismissed. We are unable to perceive, therefore, how the appeal from the order denying the motion for a new trial can be maintained. Appellant might have filed a new undertaking before the hearing, but this she failed to do. Her request that she now be permitted to file it comes too late. (*Duncan* v. *Times-Mirror Co.*, 109 Cal. 602.)

The appeal from the order denying the motion for a new trial is therefore dismissed.

Harrison, J., Van Dyke, J., Garoutte, J., Temple J., and McFarland, J., concurred.