## NATIONAL SURETY COMPANY *v.* FOSTER LUMBER COMPANY.

[No. 6,219.   Filed July 1, 1908.   Rehearing denied October 15, 1908.
Transfer denied December 18, 1908.]

1.  CONTRACTS.—*Building.—Bonds.—Rights of Third Persons.*—
Sureties on a bond given by a contractor stipulating that such contractor shall "pay all the cost of all labor and of all materials * * * and protect [the owners] by paying all the cost * * * of all materials used in and labor done on, in ,and about said buildings" are liable in an action by a person furnishing materials used in such buildings, although such bond further stipulated that before payment was made to the contractor he should furnish a certificate from the architect and from the building committee that the building was completed, and from the proper officer, that no liens had been filed thereon.   p. 673.

2.  SAME. — *Provisions. — Benefit of Third Persons. — Motives.* —
Where a bond given to secure the performance of a building contract expressly provides that the contractor shall pay for the materials used, the motives of the parties, in making such contract, cannot control the rights of those furnishing such materials.   p. 674.

3.  SAME.—*Building.—Trustees of State Normal School.*—The Board of Trustees of the Indiana State Normal School is authorized (§6692 Burns 1908, §4548 R. S. 1881) to execute a contract requiring the contractor for a building to pay for the materials used, and to require a bond therefor.   p. 674.

From Superior Court of Marion County (68,867); *Vinson Carter,* Judge.

Action by the Foster Lumber Company against the National Surety Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Taylor, Woods & Willson,* for appellant.

*Joseph W. Hutchinson* and *William A. Ketcham,* for appellee.

*A. G. Cavins* and *Paul N. Bogart, amici curiae.*

. · Roby, J.—Action by appellee. Special finding of facts, conclusions of law thereon, and judgment in accordance therewith against the appellant for $1,193.51 and costs.

The overruling of the demurrers for want of facts to the complaint and the correctness of the court's first conclusion of law are assigned as errors.

The court found that the Board of Trustees of the Indiana State Normal School, being duly authorized to do so, was, prior to March 31, 1904, making certain improvements upon property owned by the State in connection with said school, and entered into a contract in relation thereto with Harrison B. Walter. The contract is set out *in extenso* in the findings, and is to the effect that said Walter will, before February 1, 1905, furnish the material, work and labor for, and erect, furnish, complete and deliver to said board, a new three-story school building, according to certain plans and specifications to the acceptance of said board and its architect, in consideration of $44,820, to be paid on estimates, fifteen per cent of each estimate to be retained until the completion of the building. It was provided that before any payment was made a certificate should be obtained from the architect and building committee that they considered said payment properly due, and also a certificate from the office where mechanics' liens are filed, signed by the proper officer, to the effect that said building is at the time free from all liens, and before final payment is made a written and duly signed statement shall be obtained from each person who furnished materials for said building that the same have been fully paid for; that the contractor shall provide at his own proper cost and charges all manner of material and labor, scaffolding, implements, moulds, models and cartage of every description for the due performance of the sev-

NOVEMBER TERM, 1908. 673

National Surety Co. *v.* Foster Lumber Co.—42 Ind. App. 671.

eral kinds of work. Other provisions are not regarded as relevant to the present controversy. Concurrently with the execution of said contract the appellant, with said Walter, executed a bond in the sum of $20,000, the conditions of which were that

"Whereas said Harrison B. Walter has this day entered into a contract in writing with the Board of Trustees of the Indiana State Normal School to erect [describing building], to the full satisfaction and acceptance of said board of trustees and architects, and pay all the cost of all labor and of all materials and all other costs and damage, etc. Now should said Harrison B. Walter erect, * * * within the time therein specified, * * * and save and protect and indemnify said board of trustees from all loss and expense of any and every kind on account of such building, by paying all the cost of excavating therefor and of all materials used in and labor done on, in and about said building, * * * and in every way comply with and fulfil the terms of the contract on his part, then this obligation shall be void and of no effect, else to remain in full force."

Such contractor invited from appellee a proposition to furnish certain materials described in the bill of particulars, which proposition was accepted by him and said materials, with the knowledge of said board of trustees, furnished for and used in making said improvement. The price agreed upon was $1,280.76, of which sum $1,193.51 is due and unpaid, payment having been demanded from appellant before suit was brought.

The first conclusion of law was that appellee is entitled to recover said sum. The question for decision is thus stated by the appellant: "The only question to be decided 1. in this case is: Was the primary intention of the parties to the contract in suit to benefit laborers and material men?" This court has recently construed contracts containing language substantially like that before set out as between parties sustaining the relation to each other which is sustained by the appellant and appellee here-

in. The conclusion reached was adverse to the appellant's contention. *Ochs* v. *M. J. Carnahan Co.* (1908), *ante*, 157.

There is no ambiguity as to the undertaking of the contractor to pay for labor and material. The concluding stipulation of the contract was that final settlement could not be insisted upon until the contractor had produced written evidence that he had paid for such material and labor. An express stipulation for such payment is contained in the bond which sufficiently shows the mutual intent. *Closson* v. *Billman* (1904), 161 Ind. 610; *Brown* v. *Markland* (1899), 22 Ind. App. 652; *Young* v. *Young* (1899), 21 Ind. App. 509; *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326; *Moore* v. *Smith* (1902), 29 Ind. App. 503. The facts found bring the case within the statement contained in the concluding paragraph of *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571.

The motive which led to the insertion of the stipulation may have been one thing or another. The intention of the parties is determinable from the terms of the contract, and an agreement between two persons, by which one of them undertakes to pay money to a third, is a promise for the benefit of the third person and enforcible by him. *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 102 Am. St. 223; *Foster* v. *Leininger* (1904), 33 Ind. App. 669; *Russell* v. *Pittsburgh, etc., R. Co.* (1901), 157 Ind. 305, 55 L. R. A. 253, 87 Am. St. 214.

The board of trustees had authority to make the contract and take the bond. Acts 1903, pp. 361, 373; §6692 Burns 1908, §4548 R. S. 1881; *Williams* v. *Markland* (1896), 15 Ind. App. 669, 672; *American Surety Co.* v. *Lauber, supra; Hines* v. *Consolidated Coal, etc., Co.* (1902), 29 Ind. App. 563.

Judgment affirmed.