[Civ. No. 1660. First Appellate District.—February 23, 1916.]

FRED W. FRY, Respondent, v. A. ASTORG, Defendant, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Defendant and Appellant; AZUBAH S. BROWN, Intervener.

APPEAL BY ONE PARTY—UNDERTAKING ON APPEAL ON BEHALF OF SEVERAL PARTIES—LACK OF LIABILITY.—Where an appeal is taken by one person and the undertaking thereon purports on its face to be given on an appeal taken by several persons, such undertaking is insufficient to support the appeal, and no recovery can be had against the sureties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan, for Appellant.

Welles Whitmore, for Respondent.

T. J. Sheridan, for Defendant A. Astorg.

William C. Crittenden, for Intervener Azubah S. Brown.

KERRIGAN, J.—This is an appeal from the judgment and from an order denying the motion of the defendant the United States Fidelity and Guaranty Company for a new trial.

Several years ago the plaintiff's assignor, V. A. Hager, commenced an action against A. Astorg, M. Astorg, and F. Ginard to recover possession of certain lands and premises

situate in Lake County, in which action the plaintiff ultimately recovered a judgment against the defendants. Thereafter the defendant A. Astorg gave notice of appeal from the judgment, and filed the undertaking on which this action was brought, which by its language purports to be given in an appeal taken not by Astorg alone, but by all of the defendants in that action. It recites as follows:

"Whereas the defendants in the above entitled action have appealed to the Supreme Court . . . from a judgment made and entered against said defendants; . . .

"Now therefore, in consideration of the premises and of *such appeal*, the United States Fidelity and Guaranty Company . . . does hereby undertake and promise on the part of the appellants that the said appellants will pay all costs and damages which may be awarded against them on the appeal. . . .

"And whereas the appellants are desirous of staying the execution of the said judgment so appealed from in so far as it relates to the delivery of the possession of said lands and premises, the said The United States Fidelity and Guaranty Company does further, *in consideration thereof and of the* premises, undertake . . . that during the possession of such property by the appellants they will not permit or suffer to be permitted any waste thereon, and that if the said judgment appealed from be affirmed, or the appeal dismissed, *they will pay the value of the use* and occupation of the property from the time of the appeal until the delivery of the possession thereof, . . . ."

The judgment appealed from was affirmed by the supreme court. Thereafter Fred W. Fry, as assignee of V. A. Hager, commenced this action against A. Astorg and the appellant, recovering judgment against each of them.

The judgment against the appellant must be reversed. It seems to be the settled rule that where an appeal is taken by one person, and the undertaking thereon purports on its face to be given on an appeal taken by several persons, such undertaking is insufficient to support the appeal, and no recovery can be had against the sureties. In the present case it is conceivable that the appellant may have regarded A. Astorg's two codefendants as alone financially responsible, and would not have been disposed to write a bond for him as the sole appellant. The case of *Zane* v. *De Onativia,* 135 Cal. 440, [67 Pac.

685], is very like the present one. There only one of several defendants took an appeal from an order denying a motion for a new trial, while the bond in terms recited that it was given as security on an appeal of the *defendants.* The court, after referring to this condition of the record, says: "The sureties undertake upon the part of the appellants (where there is but one appellant) that the appellants will pay all costs and damages which may be awarded against the defendant on said appeal, when costs and damages could only be awarded against the one appealing defendant. Standing upon the strict letter of their contract, the sureties could never be liable for anything upon this undertaking. There never was a joint appeal, and, consequently there never could be an award of damage or costs against the defendants. Moreover, the sureties have agreed to stand responsible only for such damages and costs as might be awarded against the two defendants. It is conceivable that they might have refused to go upon the undertaking had they known that but one defendant had appealed. It is conceivable that they might have regarded the other defendant, who they thought had appealed, as the one financially responsible in the event·that the appeal should be lost or dismissed. We are unable to perceive, therefore, how the appeal from the order denying the motion for a new trial can be maintained. Appellant might have filed a new undertaking before the hearing, but this she failed to do. Her request that she now be permitted to file it comes too late."

With some exceptions it is true that the maker of a bond is bound by the recitals in it; but that principle of law is not applicable to the facts of this case, for the appellant here is not denying any of the recitals of the undertaking. It is merely denying, in accordance with the fact, that the bond written by it was to secure an appeal by A. Astorg alone, and contends—and we think correctly—that it has incurred no liability upon such an appeal. This position is consistent with the recitals in the undertaking.

The judgment and order are reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1916.