[L. A. No. 4224.    Department Two.—May 3, 1918.]

## M. H. FRENCH, Respondent, v. O. O. FARMER, Defendant; NATIONAL SURETY COMPANY (a Corporation), Appellant.

PRINCIPAL AND SURETY — COMMON-LAW BOND — RAILWAY CONSTRUCTION CONTRACT—CONTRACTOR'S BOND TO RAILWAY COMPANY—RIGHT OF THIRD PARTY TO SUE.—Where a contractor for the construction of a road for a railway company gave the railway company a common-law bond, with surety, conditioned for the faithful performance of the work, and also for the prompt payment to "all laborers, mechanics, materialmen, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any others to whom any part of such work is given, incurred in carrying on such work," any "laborer," "mechanic," "materialman," or person "supplying the contractor with provisions or goods of any kind," or any other person "to whom any part of such work was given," was a person for whose benefit the bond was made, and as such there was sufficient privity between such person and the surety on the bond to authorize such person to maintain an action on the bond against the surety.

ID.—LIMITATIONS ON SURETY'S LIABILITY TO THIRD PERSONS—CLAIM FOR RENTAL OF MULES LEASED TO CONTRACTOR.—The surety on such a bond was not liable for the rental of mules leased to the contractor to be used in the performance of his contract, the lessor not being a person "to whom any part of such work is given," and the contract and bond, therefore, making no express provision for the payment to the lessor of the indebtedness to him, and especially where both the contract and the bond made it the duty of the contractor to furnish teams without fixing any obligation to pay therefor.

ID.—SERVICES OF CORRAL-MAN.—The surety on such bond was not liable in an action by the lessor of the mules for the value of the services or the traveling expenses of a "corral-man," who had been employed by the plaintiff, but who, under the railway company's contract, was to have been paid by the contractor.

ID.—AGREEMENT TO PAY THIRD PARTY—RIGHT TO SUE ON BOND.—If it can be fairly said from either the contract or bond, which are to be construed together, that the parties intended to and did agree to pay a third person furnishing provisions or goods for the carrying on of such work, a suit can be brought on such bond by such third person to recover upon the promise so made for his benefit, although the bond does not by its terms expressly inure to the benefit of such third person, and although the promise is implied from the condition of the bond alone.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Carroll Allen, Bertin A. Weyl, and Allen & Weyl, for Appellant.

Robert T. Linney, and Gordon L. Finley, for Respondent.

WILBUR, J.—The defendant, National Surety Company, appeals from a judgment in favor of plaintiff upon a common-law bond executed by the defendant to the Grand Canyon Railway Company, conditioned upon the faithful performance of "all the stipulations and agreements contained in" a contract entered into between defendant Farmer and said Railway Company, on the part of said Farmer to be performed and observed, and further conditioned that said Farmer "shall well and faithfully pay all laborers, mechanics, and materialmen, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons, or to any others to whom any part of such work is given, incurred in carrying on such work." The contract between Farmer and the Railway Company was for the construction of a wagon road in the Grand Canyon, Arizona, upon the property of the United States government. This contract provided, among other things, that "the contractor shall promptly pay all subcontractors, materialmen, laborers, and other employees as often as payments are made to him by the company, and shall deliver said work free from any claim or lien on account of such labor and materials and subcontractors; . . . " The form of the bond was identical with that set out in the opinion in the case of the *National Bank of Cleburne* v. *Gulf etc. Ry. Co.*, 95 Tex. 176, [66 S. W. 203].

The plaintiff, French, by contract in writing, leased to the defendant, Farmer, the contractor, to be used in the performance of the latter's contract with the Railway Company, thirty-two head of mules, one saddle-horse, and sixteen sets of harness.   He also agreed to furnish a "corral boss," to be paid by Farmer.   Farmer having failed to pay therefor, this action was brought by French against Farmer and the Surety Company to recover four thousand two hundred dollars rental for the use of the

teams and saddle-horse; $10 for services of corral-man, and $5 for expenses of corral-man, and $75 for hay and barley sold. Judgment was rendered against defendant Farmer and the defendant Surety Company. The appeal is by the Surety Company only. It is claimed that there is not sufficient privity between the defendant Surety Company, as obligor of the bond, and the plaintiff to authorize suit by him upon the bond. That point, however, has been determined adversely to appellant's contention by this court in *Union Sheet Metal Works* v. *Dodge,* 129 Cal. 390, [62 Pac. 41], and later by the court in Bank in *People's Lumber Co.* v. *Gillard,* 136 Cal. 55, [68 Pac. 576]. The question then is, Does the contract or bond, or both, contain a sufficient promise to pay the obligation of the plaintiff to authorize him to sue to enforce this as a promise made for his benefit? With reference to the item of rental for the mules, a similar question was involved in *Wood, Curtis & Co.* v. *El Dorado etc. Co.,* 153 Cal. 231, [126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585, 94 Pac. 877], wherein the following question was answered in the negative by this court: "Did plaintiff by this letting of his horses at a stipulated price per month 'bestow labor' upon the work so as to entitle it to a lien under section 1183 of the Code of Civil Procedure?" Upon the same reasoning, which need not be here repeated, it must be held that plaintiff was not a person "to whom any part of such work is given," and that, therefore, the contract and bond make no express provision for the payment to the plaintiff of that indebtedness here sued upon. This view is strengthened by the fact that both the contract and bond make it the duty of the contractor to furnish teams, without fixing any obligation to pay therefor.

As to the items of $10, services of corral-man, and $5, traveling expenses of corral-man, under the contract between French and Farmer the corral-man was to have been paid by Farmer. Even if we assume that the corral-man was a laborer upon the work within the meaning of the contract and bond, it does not follow that the plaintiff, upon paying such laborer, was entitled to sue therefor upon the bond. The right of action, if any, was in the corral-man and not in his employer, who was not a subcontractor.

As to the judgment for $75 for hay and barley sold, there was no express agreement contained in the contract for the payment for either "provisions or goods," although the bond

is expressly conditioned upon the payment of all just debts incurred therefor in carrying on such work. The question is, then, squarely presented, whether or not there can be a recovery upon the bond based upon the condition thereof by a third person not a party thereto, where the bond does not by its terms expressly inure to the benefit of such third person, and the right to sue thereon is based entirely upon the theory that the third person is entitled to sue upon a promise made for his benefit. The supreme court of Texas, upon a bond identical in form, held that the surety could not be sued thereon by a third party. (*National Bank of Cleburne* v. *Gulf etc. Ry. Co.*, 95 Tex. 176, [66 S. W. 203].) This was upon the theory that the bond was one of indemnity to the Railway Company, containing no express agreement to pay such third person, and therefore he could not sue thereon. If we adopt this view we violate the fundamental principle that every part of a contract should be given some effect, for the Railway Company could not, in any event, be liable for "goods" and "provisions" furnished the contractor in carrying out its contract, nor in this case could there be any lien therefor, as the property upon which the work was done was government property. If, under the circumstances, any effect whatever is to be given to this clause in the condition of the bond, it must be held that it was the intention of the parties to benefit such third persons rather than the Railway Company, to whom the bond ran. The case of *Parker* v. *Jeffery,* 26 Or. 186, [37 Pac. 712], is in harmony with the supreme court of Texas. The courts of Nebraska, Missouri, Iowa, Indiana, and Michigan, however, seem to hold to the view that if it can be fairly said from either the contract or the bond, which are to be construed together, that the parties intended to and did agree to pay such third person, a suit could be brought on such bond by such third person to recover upon the promise so made for his benefit. (*Lyman* v. *City of Lincoln,* 38 Neb. 794, [57 N. W. 531]; *Kaufmann* v. *Cooper,* 46 Neb. 644, [65 N. W. 796]; *School District* v. *Levers,* 147 Mo. 580, [49 S. W. 507]; *Jordan* v. *Kavanaugh,* 63 Iowa, 152, [18 N. W. 851]; *National Surety Co.* v. *Foster Lumber Co.,* 42 Ind. App. 671, [85 N. E. 489].) While the question has not been directly decided by this court, the cases of *Union Sheet Metal Works* v. *Dodge, supra,* and *People's Lumber Co.* v. *Gillard, supra,* were based in part upon the authority of the Indiana, Iowa, Michigan,

and Nebraska cases, as was also the case of *W. P. Fuller & Co.* v. *Alturas School District*, 28 Cal. App. 609, [153 Pac. 743]. We therefore hold that the plaintiff was entitled to recover the item for goods and provisions.

The lower court is directed to modify the judgment by striking out all items therefrom save and except the item of $75 for goods and provisions, and as so modified the judgment is affirmed.

Melvin, J., and Victor E. Shaw., J., *pro tem.*, concurred.