[L. A. No. 8551.    In Bank.—May 17, 1927.]

EL DORA OIL COMPANY (a Corporation), Respondent, v. G. R. GIBSON et al., Defendants; R. McDONALD, Appellant.

[1] UNDERTAKINGS — ACTION ON — PARTIES — SECTION 367, CODE OF CIVIL PROCEDURE.—Where the obligees in an undertaking given to stay execution pending an appeal from an order appointing a receiver of a corporation were acting for and in behalf of the corporation, and any recovery which might be had by them upon the undertaking would inure to the benefit of the corporation, the latter, being the real party in interest, was the proper

party under section 367 of the Code of Civil Procedure to bring an action on the bond.

[2] ID. — CONSTRUCTION ON UNDERTAKING — UNCERTAINTY. — Where an undertaking on appeal from an order appointing a receiver properly describes the joint appeal of certain parties and recites that these appellants desire to stay the execution of the order appealed from, and provides that the sureties named promise and undertake "on the part of the above named *appellant* that if the order appealed from, or any part thereof, be affirmed or the appeal dismissed, the appellant will pay all damages which the *respondent* may sustain," etc., the contention cannot be maintained that the bond is not enforceable by or against the parties to the appeal because it cannot be ascertained from the language of the condition to or against whom it inures.

[3] CONTRACTS — SURETYSHIP — RULES OF CONSTRUCTION. — In interpreting the terms of a contract of suretyship in this state, the same rules are to be observed as in the case of other contracts.

[4] ID. — INTENTION — AMBIGUITY OR UNCERTAINTY. — A contract must be interpreted so as to give effect to the mutual intention of the parties, and the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others; and if the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense which the promisor believed at the time of making it that the promisee understood it.

[5] ID. — SURETYSHIP — PURPOSE — CONSTRUCTION. — A contract of suretyship is to be fairly construed with a view to effect the object for which it was given and to accomplish the purpose for which it was designed, and the old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are.

(1) 34 Cyc., p. 508, n. 83. (2) 34 Cyc., p. 150, n. 55. (3) 32 Cyc., p. 71, n. 10. (4) 13 C. J., p. 521, n. 18, p. 525, n. 41, 42, p. 527, n. 43, 44, p. 545, n. 42; 32 Cyc., p. 72, n. 11, 18. (5) 32 Cyc., p. 73, n. 22, p. 74, n. 24.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

3. See 23 Cal. Jur. 1015.
4. See 6 Cal. Jur. 252; 6 R. C. L. 835.
5. See 23 Cal. Jur. 1015.

Leo V. Silverstein for Appellant.

Alfred H. McAdoo and A. H. Swallow for Respondent.

LANGDON, J.—Defendant McDonald appeals from a judgment against him upon a bond made and executed by him, jointly with the other defendants, to stay the execution of an order of the superior court appointing a receiver of the El Dora Oil Company pending an appeal from said order, which appeal has been dismissed.

The circumstances connected with the execution of this bond are disclosed by the findings of the trial court, from which we recite the following facts:

In a certain action, wherein T. B. Fredendall, G. A. Lathrop, T. J. Green, L. C. Merideth, Monroe Thurman, and N. L. Hall were plaintiffs and El Dora Oil Company, John Shrader, E. S. Good, Trusten Clark, D. W. Staten, Herman Friedman and J. L. Campbell, Henry M. Jackson and John Schrader, copartners doing business under the firm name and style of Ohio Valley Construction Company, a corporation, were defendants, then pending in the superior court of the state of California, in and for the county of Los Angeles, said superior court on the seventeenth day of January, 1914, made and entered an order appointing J. A. Kibele receiver of said El Dora Oil Company and authorizing, empowering, and ordering the said Kibele to take possession and control of all the property and assets of the said El Dora Oil Company, and to conduct, operate, and manage its business and to conserve the assets thereof. Said action was instituted, prosecuted, and maintained by the plaintiffs therein named in the interest and on behalf of the said El Dora Oil Company and all of its stockholders in like situation as the plaintiffs, and in the supplemental and amended complaint in said action, it was alleged by the plaintiffs, and the facts were and are that said E. S. Good, Trusten Clark, D. W. Staten, Herman Friedman, and John Shrader were the directors of the said El Dora Oil Company, and that at the time said action was instituted, and for a long time prior thereto, the defendants therein named, E. S. Good and John Shrader, absolutely and entirely controlled the actions, conduct and management of the board of directors of said company, and that

the defendants therein named, D. W. Staten, Trusten
Clark and Herman Friedman, were, as directors of said
El Dora Oil Company, absolutely and entirely subservient
to the will, control, and direction of the said Good and
Shrader, and cast their votes on all matters connected with
the conduct, management and affairs of the said El Dora
Oil Company as instructed and directed to do by the de-
fendants Good and Shrader. The defendants E. S. Good,
John Shrader, J. L. Campbell, and Henry M. Jackson were,
at the time of· the commencement of said action, handling
and treating the funds and moneys of the said El Dora
Oil Company as if same were their own, and were disburs-
ing the same without any regard for the rights of the said
El Dora Oil Company or its stockholders, and that they
threatened and would continue to do so unless said re-
ceiver for said company were appointed.

In said action the plaintiffs prayed, among other things,
that the defendants therein named be required to account
for and pay over to the defendant therein named, El Dora
Oil Company, all moneys and property theretofore or which
thereafter might be taken and converted to their own use
by the defendants E. S. Good and John Shrader.

After the making and entry in said action of the order
appointing a receiver for the said El Dora Oil Company,
certain of the defendants therein named, to wit, E. L.
Foster, J. W. McGrath, G. R. Gibson, Charles A. Barn-
hart, and the Ohio Valley Construction Company, appealed
from such order and for the purpose of procuring a stay
of the execution of said order caused to be filed in said
action an undertaking on appeal to stay said order, which
undertaking was subscribed and executed by the defend-
ants in the present action.

In April, 1921, the supreme court of the state of Cali-
fornia made and entered an order dismissing the appeal
from the said order appointing the receiver. Thereupon
the present action was brought, in which it was found that
by reason of the stay of execution of said order appoint-
ing a receiver for the property of the El Dora Oil Com-
pany, the plaintiff in this action has been damaged in the
sum of thirty-five thousand dollars, for which sum judg-
ment was given.

[1] Appellant urges two grounds of appeal. The first is that the plaintiff in the present action was not the respondent named in the undertaking on which this action is based and therefore cannot sue upon it. From the facts herein recited it appears that the respondents named in the undertaking were acting for and in behalf of the El Dora Oil Company, the present plaintiff, and any recovery which might be had by them upon the undertaking would inure to the benefit of said company. Under such circumstances section 367 of the Code of Civil Procedure would require that the real party in interest bring the action. We see no merit in this objection to the judgment.

[2] The other objection is predicated upon the fact that, although the undertaking properly describes the joint appeal of Foster, McGrath, Gibson, Barnhart and Ohio Valley Construction Company and recites that these appellants desire to stay the execution of the order appealed from, it then provides that the sureties named promise and undertake "on the part of the above named *appellant* that if the order appealed from, or any part thereof, be affirmed or the appeal dismissed, the appellant will pay all damages which the *respondent* may sustain," etc. It is contended that the bond is not enforceable by or against the parties to this appeal because it cannot be ascertained from the language of the condition to or against whom it inures. The cases relied upon are *Zane* v. *De Onativia,* 135 Cal. 440 [67 Pac. 685], and *Title Ins. Co.* v. *California Dev. Co.,* 168 Cal. 397 [143 Pac. 723]. Neither of these cases involve an undertaking such as we are considering here. Both have to do with cost bonds upon appeal, the filing of which was jurisdictional. The filing of the bond in the instant case had nothing to do with the jurisdiction of the appeal.

[3] In interpreting the terms of a contract of suretyship in this state, the same rules are to be observed as in the case of other contracts. (Civ. Code, sec. 2837.) [4] A contract must be interpreted so as to give effect to the mutual intention of the parties, and the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other. (Civ. Code, secs. 1636, 1641.) If the terms of a promise are in any respect ambiguous or uncer-

tain, it must be interpreted in the sense in which the promisor believed at the time of making it that the promisee understood it. (Civ. Code, sec. 1649.) **[5]** The cases of *Roberts* v. *Security T. & S. Bank,* 196 Cal. 557 [238 Pac. 673], and *Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724 [72 Pac. 352], hold that a contract of suretyship is to be fairly construed with a view to effecting the object for which it was given and to accomplish the purpose for which it was designed, and that the old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are.

We find no merit in the appeal and the judgment is affirmed.

Curtis, J., Preston, J., Richards, J., Waste, C. J., and Seawell, J., concurred.