[Sac. No. 4015. In Bank.—June 23, 1927.]

M. ELMA FOSTER, Respondent, v. J. V. FERNANDES et al., Appellants.

[1] APPEAL—UNDERTAKING ON—SUPERSEDEAS—MOTION TO VACATE.— An undertaking on appeal, which follows the notice of appeal with reference to the parties named therein, is not open to the attack, made on affidavits upon a motion to vacate a writ of *supersedeas,* that certain of the numerous defendants did not give authority to the attorney of record to file for them a notice of appeal and never intended to appeal and that therefore the undertaking is void and unenforceable; and the motion to vacate the writ of *supersedeas* will be denied.

(1) 3 C. J., p. 1301, n. 52, p. 1328, n. 30.

APPLICATION to vacate a Writ of Supersedeas issued to prevent the execution of judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Motion denied.

The facts are stated in the opinion of the court.

G. W. Zartman and Russell & Heid for Appellants.

Feemster & Cleary for Respondent.

LANGDON, J.—This is an application to vacate a writ of *supersedeas* heretofore issued by this court in the above-entitled matter. The plaintiff secured judgment in an action to recover certain cattle or their value, from which judgment the defendants filed notice of appeal and also filed an undertaking on appeal in the sum of fifteen thousand dollars. The respondent excepted to the sufficiency of the sureties and after due examination the trial court found the sureties were qualified to act as such, but refused to permit them to justify upon the ground that they appeared one day too late. Thereupon, the appellants applied to this court for a writ of *supersedeas,* which was granted and an opinion filed in connection with said order on January 18, 1927. (200 Cal. 274 [252 Pac. 726].)

[1] Respondent now moves to vacate this writ, and the ground urged is that the undertaking upon appeal is un-

enforceable against the appellants because of the following facts: Affidavits are presented by respondent to the effect that certain of the numerous defendants did not give authority to the attorney of record to file for them a notice of appeal and never intended to and did not appeal from the judgment entered herein. The undertaking follows the notice of appeal with reference to parties named therein, and it is urged that some of the parties to the undertaking were not properly parties to the appeal and, therefore, the undertaking is void and unenforceable under the ruling in *Zane* v. *de Onativia,* 135 Cal. 440 [67 Pac. 685], and other authorities cited by respondent. Assuming that the record could be collaterally attacked in this manner by affidavits, nevertheless the case of an appeal bond of this character, which is not jurisdictional, has been differentiated from the case of *Zane* v. *de Onativia, supra,* and the other cases relied upon by respondent in a recent case decided by this court. (*El Dora Oil Co.* v. *Gibson et al., ante,* p. 231 [256 Pac. 550].) Under the authority of the case just cited the undertaking in the instant case is not open to the attack made upon it by respondent and there is no ground for vacating the writ heretofore issued by this court herein pending the decision of the appeal from the judgment.

The motion to vacate the writ of *supersedeas* is denied.

Richards, J., Waste, C. J., Preston, J., Curtis, J., Shenk, J., and Seawell, J., concurred.