[L. A. No. 12093.   In Bank.—March 12, 1930.]

CHARLES B. RYAN, Respondent, v. CHARLES ED-
WARD SHANNAHAN, etc., et al., Defendants; FI-
DELITY & DEPOSIT COMPANY OF MARYLAND,
Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Appellant.

Andreani & Haines, John L. Bisher, Jr., and Andreani,
Haines, Bisher & Carrey for Respondent.

PRESTON, J.—This cause requires a construction by the
court of the language of a surety bond, considered in con-

nection with the contract to which it relates. The facts are not disputed.

Defendant Shannahan, under a written contract dated January 23, 1925, agreed to do certain work for Blue Diamond Company, a corporation, in connection with the construction by it of a branch railroad line in Nevada. Said defendant covenanted to furnish "all necessary material, superintendence, labor, tools, plant, equipment and transportation for and to perform, lay, execute, finish and complete in the most expeditious, substantial and workmanlike manner," all grading, pipe culverts, *et cetera,* for said branch line, as detailed in the general conditions and specifications constituting a part of the agreement of the parties. The general conditions of said contract provided: "The documents forming the Contract are complementary. . . . They are intended to include all detail of labor and material reasonably necessary for the proper execution of the work. . . . " They also provided: "The Contractor . . . shall protect and indemnify The Company from and against all claims against the said work for labor, material and/or supplies furnished the Contractor. . . . " They further required that said defendant deliver to the corporation a good and sufficient surety company bond "as security for the faithful performance by the Contractor of all the covenants and agreements on the part of the Contractor contained in said Contract, as well as for the payment in full of all claims of all persons performing labor upon or furnishing materials to be used in said work, which bond shall have its terms to be made to inure as well as to the benefit of the Company, to the benefit also of such persons so as to give such persons a right of action to recover upon said bond in any suit brought to foreclose liens, or in a suit brought on said bond."

On the same day, pursuant to the above requirement, defendant Shannahan, as principal, and defendant and appellant, Fidelity & Deposit Company of Maryland, as surety, executed a bond, to which was attached a copy of said contract, in the sum of $15,000, conditioned as follows: "The condition of the above obligation is such, that whereas the above principal has entered into a written contract with the above named obligee, dated January 23, 1925. . . . Now, therefore, if the said principal shall well and truly keep and

perform all of the terms, covenants and conditions of the said contract, to be by him completed and performed and shall pay in full, claims of all persons performing labor upon or furnishing material to be used in such construction work, then this obligation shall be null and void, otherwise to remain in full force and effect.''

On January 21, 1925, two days prior to execution of the above documents, plaintiff and said Shannahan executed a written agreement whereby plaintiff rented to the latter a gasoline shovel—monthly rental $650, all transportation charges to be paid by the renter—which shovel was transported to the place of and used by Shannahan in connection with the work performed under said construction contract with the Blue Diamond Company. Shannahan, however, failed to pay to plaintiff a balance of $1,000, admittedly due as rental upon said shovel, and $618.97 transportation charges advanced by plaintiff to procure its return. Plaintiff, therefore, instituted this action against both Shannahan and appellant surety company to recover said sums.

Upon the trial, defendant Shannahan did not question the said sums adjudged to be due plaintiff. In fact, he testified that he was ready and willing to pay said obligation and had the money therefor but, under his contract with said surety, it had the right of assignment on money still due him from the Blue Diamond Company, which right of assignment it exercised; therefore, in order to pay plaintiff, it was necessary to have the surety's signature as well as his own on the check and the surety had refused to sign. The court found that the bond covered said two items due plaintiff and gave judgment in his favor as against both defendant Shannahan and the bonding company. Said company has alone appealed, disclaiming any liability on the bond for said indebtedness to plaintiff. The sole question presented by the appeal is whether or not its contention in this behalf is meritorious.

To state the matter another way, relying mainly upon the cases of *Wood, Curtis & Co.* v. *El Dorado Lumber Co.*, 153 Cal. 230 [126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585, 94 Pac. 877], and *French* v. *Farmer*, 178 Cal. 218 [172 Pac. 1102, 1103], appellant urges that the terms of its bond, conditioned upon full payment of ''claims of all persons performing labor upon or furnishing material to

be used *in* such construction work'' cannot be held to constitute a promise to answer for the debt of defendant Shannahan to plaintiff as, under said authorities, rental and/or transportation of machinery, was not the performance of labor upon or the furnishing of material to be used in the construction work. In other words, it is appellant's further contention that, distinguishing claims of those furnishing supplies or machinery *for* the work from claims for materials, etc., actually used *in* the work, the word ''in'' should be given a constricted interpretation, thus narrowing application of the clause ''labor . . . or material . . . used in such construction work'' to matter actually entering into or becoming a part of the structure or improvement itself.

██ We, of course, recognize the well-settled principle that the liability of a surety is measured and bounded by the express terms of its contract and that courts are not swift to extend that liability by construction (*County of Glenn* v. *Jones*, 146 Cal. 518 [80 Pac. 695]; Civ. Code, sec. 2836; 23 Cal. Jur., p. 1024, sec. 24, and cases there cited), yet we see no escape from the conclusion that, irrespective of the fact that the word ''in'' might in some instances be subject to the interpretation which appellant would have us place upon it, the claims presented by plaintiff here are amply covered by the language of said bond, which is to be considered in the light of the contract it secures. In the last analysis the extent of a surety's liability is measured by the language used to express it, when read in the light of the circumstances attending the transaction. The following language found in the recent case of *Roberts* v. *Security Trust etc. Bank,* 196 Cal. 557 [238 Pac. 673, 677], is applicable here, even though in that case the contract was expressly incorporated by reference as a part of the bond, instead of merely being attached to it:

''Our Civil Code (sec. 2837) provides that, in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. In *Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724, 730 [72 Pac. 352, 354], this court said: 'While it is true that a surety cannot be held beyond the express terms of his contract, yet in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts. Such construction does not mean that words are to be dis-

torted out of their natural meaning, or that, by implication, something can be read into the contract that it will not reasonably bear but it means that the contract shall be fairly construed with a view to effect the object for which it was given and to accomplish the purpose for which it was designed. The old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are.' ''

In the case of *W. P. Fuller & Co.* v. *Alturas S. Dist.*, 28 Cal. App. 609, 612, 613 [153 Pac. 743, 745], the doctrine is set forth in this language: ''It is elementary that 'sureties are never bound beyond the strict letter of their contract; that they have the right to stand upon the precise terms of their agreement, and that there is no authority for extending their liability beyond the stipulation to which they have chosen to bind themselves.' (*Callan* v. *Empire Surety Co.*, 20 Cal. App. 483, 485 [129 Pac. 978, 981].) But it is also elementary that a bond given to guarantee the execution of a contract according to its terms becomes a part of such contract, and to that contract the sureties become parties the same as though they had actually made and executed the contract itself. Therefore, in interpreting the language of the undertaking for the purpose of gathering its scope or the measure of the liability of the sureties, we must do so by treating or viewing the contract and the undertaking as a whole or as constituting an indivisible contract. In other words, we must, in order to ascertain the nature and extent of the liability to which the sureties have bound themselves, examine the undertaking by the light of the agreement of whose terms it guarantees the faithful performance.''

See, to the same effect, *Hollenbeck-Bush etc. Co.* v. *Amweg*, 177 Cal. 159 [170 Pac. 148]; *Sather Banking Co.* v. *Briggs*, 138 Cal. 724 [72 Pac. 352]; *El Dora Oil Co.* v. *Gibson*, 201 Cal. 231 [256 Pac. 550].

This bond is expressly conditioned upon performance by the contractor of ''all the terms, covenants and conditions of the said contract, to be by him completed and per-

formed.'' One of the covenants of the contract was that the contractor furnish ''all material, superintendence, labor, tools, plant, equipment and transportation'' for the performance of said work. Further, the contract was ''intended to include all detail of labor and material reasonably necessary for the proper execution of the work.'' Can it be denied that the rental and transportation of this equipment by said contractor was not the furnishing of ''equipment'' and ''transportation'' for use in performing said work, within the meaning of said provisions of the contract?

Furthermore, as above stated, a copy of the contract was attached to the bond and it is impossible to properly construe the language of the undertaking other than in the light of the contract, the faithful performance of which it secured. When considered in such light, it is plain that the bond was intended to ''protect and indemnify . . . against all claims against the said work for labor, material and/or supplies furnished the Contractor.'' The word ''supplies'' has been expressly held to include rental items. (*Sherman* v. *American Surety Co.*, 178 Cal. 286 [173 Pac. 161]; *Bricker* v. *Rollins & Jarecki*, 178 Cal. 347 [173 Pac. 592].)

Prior to its amendment in 1911, section 1183 of the Code of Civil Procedure contained the identical phrase found in this bond, ''performing labor upon or furnishing materials'' to be used in the work. Appellant therefore claims that the construction to be placed upon said clause in the case at bar must be gathered from the court decisions which construed said section and said language thereof as it then existed. The section was amended in 1911 to make it specifically cover such claims as the ones here presented. In this connection, appellant cites said case of *Wood, Curtis & Co.* v. *El Dorado etc. Co., supra,* which arose out of an attempt to enforce a mechanic's lien claimed to have been created under the section prior to the 1911 amendment, at which time it did not provide liens in favor of teamsters or draymen, but was limited in its application to mechanics, materialmen and all other persons and laborers performing labor upon or furnishing materials to be used or consumed in the structure. The court held there that the plaintiff by letting his horses to the contractor at a stipulated monthly price could not be said to have bestowed labor upon the

structure so as to entitle him to a lien for the rental of such horses under the terms of said section.

The determination of this cause, however, is not governed by the construction placed by said authority upon the clause in question as found in said section 1183 prior to amendment. The very fact that the section was expressly amended so as to leave it unhampered by such restriction, argues strongly for a broader interpretation of the language, but we are not here required to either pass upon it or construe it. For, as above stated, we are not burdening appellant with liability based alone upon that provision of the bond. On the contrary, we hold appellant liable under the entire language of the condition of the bond, read and construed in the light of said contract in its entirety, and considered in connection with all the circumstances attending the transaction.

The opinion in the case of *French* v. *Farmer, supra,* also relied upon by appellant, is based solely upon the holding of the Wood, Curtis case, recovery being therein denied under a common-law bond for rental of mules, upon the ground that the renter was not a person "to whom any part of such work" was given. It is not in point because the provisions of the contract there under consideration were utterly unlike the provisions of the document before us. Furthermore, the court there recognized the rule above set forth, for it said: " . . . If it can be fairly said from either the contract or the bond, which are to be construed together, that the parties intended to and did agree to pay such third person, a suit could be brought on such bond by such third person to recover the promise so made for his benefit (citing many cases)."

The authorities just discussed are reviewed in *Bricker* v. *Rollins & Jarecki, supra,* which case upholds the conclusion we have reached. It also expressly approves the doctrine of *French* v. *Powell,* 135 Cal. 636 [68 Pac. 92], a case wherein the rental of a team was held to be a proper charge recoverable in an action upon a bond. (See to the same effect, *Associated Oil Co.* v. *Commary-Peterson Co., Inc.,* 32 Cal. App. 582 [163 Pac. 702], and *Sherman* v. *American Surety Co., supra.*) The trend of recent similar decisions outside the state is in accord with this pronouncement. (See *Brogan* v. *National Surety Co.,* 246 U. S. 257 [L. R. A. 1918D, 776,

62 L. Ed. 703, 38 Sup. Ct. Rep. 250, see, also, Rose's U. S. Notes Supp.], and cases therein reviewed.)

The judgment is affirmed.

Curtis, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.