[Civ. No. 20081.   First Dist., Div. Three.   June 4, 1962.]

M. WEBER, Plaintiff and Appellant, v. PACIFIC INDEM-
NITY COMPANY, Defendant and Respondent.

M. Weber, in pro. per., for Plaintiff and Appellant.

Park & Shenk and Samuel C. Shenk for Defendant and
Respondent.

DEVINE, J.—Plaintiff and appellant, a contractor, in-
stalled a water system, a storm drain system and a sewerage
system in Glenwood Subdivision in San Rafael, under contract
with Stegge Development Company, which is now bankrupt,
which has failed to pay plaintiff a large sum due for con-
struction work, and which has defaulted in this case. Plaintiff
seeks to recover against Pacific Indemnity Company under a
bond to secure faithful performance which San Rafael re-

quired of Stegge Development Company. The bond expressly runs to the City of San Rafael and mentions no other indemnitee. The bond was required by the city under sections 4.53 and 4.54 of Charter Ordinance No. 546.

These sections provide, in substance, that the subdivider shall file a bond to cover the cost of improvements and incidental expenses, and to cover replacement and repair of existing streets and other improvements damaged by the development of the subdivision; that cash may be deposited in lieu of the bond; that in the event the subdivider shall fail to complete all improvement work in accordance with the provisions of the ordinance and the city shall have completed the same, or if the subdivider shall fail to reimburse the city for incidental expenses, and to cover cost of replacement and repair of existing streets or other improvements damaged in the development of the subdivision, the city shall call on the surety for reimbursement, or shall appropriate from any cash deposits funds for reimbursement; and that in case the amount of the surety bond or cash deposit shall exceed costs and expenses incurred by the city, the remainder of the bond or deposit shall be released, but if the bond or cash is insufficient, the subdivider shall be liable to the city for the difference.

Defendant surety company contended, in its answer and in its pretrial statement, that the ordinance was passed in pursuance of the Subdivision Map Act and of the particular part thereof which is contained in section 11612 of the Business and Professions Code, and the trial court so found. The agreement between Stegge Development Company, the subdivider, and the City of San Rafael provides, in part: "11. Subdivider promises and agrees to construct and complete all of said improvements to the satisfaction of the City Engineer of the City of San Rafael, within the time above mentioned, and to pay for and discharge all of the cost and expense thereof." The bond's essential condition is that "if the said principal shall fully and faithfully discharge and carry out the terms and provisions of said 'AGREEMENT FOR COMPLETION OF IMPROVEMENT WORK, GLENWOOD SUBDIVISION, UNIT #2, SAN RAFAEL, CALIFORNIA' and shall well and truly comply with all of the above provisions, conditions and requirements and pay all of the costs and expenses thereby incurred on or before said 30th day of December, 1956 then this obligation to be null and void, otherwise to remain in full force and effect; this bond being given in conformity with the require-

ments of Charter Ordinance No. 546 of the City of San Rafael.''

Plaintiff's argument is this: Since the agreement between Stegge Development Company and the City of San Rafael requires the subdivider to pay all costs and expenses, and since the bond guarantees payment of all costs and expenses, and since he has not been paid costs and expenses due to him from Stegge in amount $29,515.52, he is entitled to reimbursement under the bond. The trial court concluded that the bond does not enure to the benefit of a materialman such as plaintiff, and that insofar as the agreement and bond may purport to cover payment of all costs and expenses incurred in performing the subdivision development work, they exceed the power granted to the city by the terms and provisions of sections 11611 and 11612 of the Business and Professions Code of the State of California.

▆▆▆ A bond issued under an ordinance which has been enacted in pursuance of the Subdivision Map Act, Business and Professions Code section 11612, is a bond to secure faithful performance to the city, and does not enure to the benefit of contractors who deal with the subdivider. (*Evola* v. *Wendt Constr. Co.*, 170 Cal.App.2d 21 [338 P.2d 498]; *Ragghianti* v. *Sherwin*, 196 Cal.App.2d 345 [16 Cal.Rptr. 583]; and see *Morro Palisades Co.* v. *Hartford Acc. & Indem. Co.*, 52 Cal.2d 397 [340 P.2d 628].)

▆▆▆ That the bond is not a common-law bond, but one given under an ordinance enacted in pursuance of the Subdivision Map Act, although no specific reference to that act is made in the contract or on the bond, and although there is no outright statement in the ordinance of the City of San Rafael that the ordinance is in pursuance of the act, is apparent from the nature, purpose and form of the ordinance.

To give a few examples of the cognate elements of the ordinance with the statute: (1) Ordinance No. 546 makes reference in section 1.2 to the city's planning commission as the advisory agency provided in the Subdivision Map Act, Business and Professions Code section 11552; (2) provision is made in ordinance sections 3.1 and 3.2 for initial maps, as in the statute section 11550, and for final maps in ordinance section 4.2, as in the statute section 11567; (3) provision is made for easements in sections 4.31 and 5.2 of the ordinance, as in sections 11587 and 11612 of the statute, and for monuments in section 4.26 of the ordinance, as in section 11566 of

the statute; and (4) provision is made for appeal in section 8.3 of the ordinance, and section 11552 of the statute.

Thus, it appears from the cases cited above, the bond, having been issued under the ordinance, is not for plaintiff's benefit. Plaintiff would have us "reverse" the judgment of the *Evola* case, by which he means, no doubt, that we should not follow it, because, of course, we could not "reverse" that decision. We shall follow the *Evola* case, however, because we agree with the court's reasoning and conclusion, because rehearing in that case was denied by the Supreme Court, because the Supreme Court spoke approvingly of the holding of the *Evola* case in *Morro Palisades Co.* v. *Hartford Acc. & Indem. Co.*, 52 Cal.2d 397, 401 [340 P.2d 620], and because of the decision made since appellant filed his briefs, in *Ragghianti* v. *Sherwin, supra,* which followed the *Evola* holding.

The cases relied on by the appellant are distinguishable. *C.O. Sparks, Inc.* v. *Pacific Coast Paving Co.*, 159 Cal.App.2d 513 [324 P.2d 293]; *W. P. Fuller & Co.* v. *Alturas School Dist.*, 28 Cal.App. 609 [153 P. 743]; *Ryan* v. *Shannahan*, 209 Cal. 98 [285 P. 1045]; *French* v. *Farmer*, 178 Cal. 218 [172 P. 1102]; *Christie* v. *Commercial Casualty Ins. Co.*, 6 Cal. App.2d 710 [45 P.2d 263]; and *Mill Valley* v. *Massachusetts Bonding & Ins. Co.*, 68 Cal.App. 372 [229 P. 891], have no application as they deal with common law bonds, and, furthermore, the court found that the parties intended to have the surety bond extend to third parties or that such intention was expressed in the provisions of the bond. *City of Oakland* v. *De Guarda*, 95 Cal.App. 270 [272 P. 779, 273 P. 819], concerned a bond issue pursuant to the Street Improvement Act of 1911, and the act specifically provided authority to include third parties.

Appellant also seeks to distinguish the *Evola* case upon the ground that therein the ordinance stated that the bond was to be in lieu of any performance bond otherwise required by law, and in the case before us the ordinance does not contain such language. We do not deem the difference to be material because the law itself, as construed in the cases cited above, allows the city to require a performance bond only.

Although the trial court, relying on the *Evola* case, *supra,* and being properly concerned to dispose of all of the issues, concluded that the bond and agreement are void insofar as they may purport to cover payment of costs and expenses other than those which might be incurred by the city, we think

the bond and agreement did not really purport to cover more than whatever costs and expenses the city might be obliged to pay to complete the work.

We believe that the limited meaning of "costs and expenses" should be given to the agreement, because if that is done the agreement will comport with the law as stated in the cases above cited; because the ordinance specifically mentions the expenses and costs (namely, completion of the improvement work, which the city may do if the subdivider fails to complete, incidental expenses, and cost of replacement and repair of existing streets or improvements which are damaged), and provides that the *city* shall call on the surety for reimbursement and there is no provision whereby anyone else can call on the surety; and, finally, that the ordinance provides for release of the bond if it exceeds costs and expenses incurred by the city, without reference to payment or provision for anyone else prior to said release.

Judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 1, 1962.